**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:25cv60771**

S.W.,

Plaintiff,

vs.

TROPICAL PARADISE RESORTS, LLC, a Florida limited liability company, d/b/a RODEWAY INN & SUITES; EZ HOSPITALITY, LLC, a Florida limited liability company; and CHOICE HOTELS INTERNATIONAL, INC., a Delaware corporation,

Defendants.
_______________________________________/

Plaintiff, S.W., (hereinafter "S.W." or "Plaintiff"), by and through her undersigned attorneys, hereby files this Complaint against TROPICAL PARADISE RESORTS, LLC d/b/a RODEWAY INN & SUITES (hereinafter referred to as "RODEWAY INN"), EZ HOSPITALITY, LLC (hereinafter referred to as "EZ HOSPITALITY"), and CHOICE HOTELS INTERNATIONAL, INC. (hereinafter referred to as "CHOICE HOTELS"), and alleges as follows:

## INTRODUCTION

1. This action for damages is brought by the Plaintiff, S.W., a survivor of sex trafficking, under the federal Trafficking Victims Protection Reauthorization Act of 2008, 18 U.S.C. §1595 (hereinafter "TVPRA"), as well as other Florida state laws as identified herein.

2. At all times material to this action, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its owners, operators, managers, employees, agents, and servants, enabled the sexual trafficking and victimization of S.W. starting in 2019, in violation of both common law and statutory law, including the TVPRA.

3. Human sex trafficking is prevalent at hotels and motels throughout the United States and globally due to many factors, including but not limited to, the ease of access for buyers, the ability to pay in cash (non-traceability), and the ability to maintain anonymity, privacy and discretion.

4. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS had knowledge of the prevalence of sexual trafficking at hotels and motels throughout the United States and globally, including the factors identified in the preceding paragraphs, yet RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS failed to prevent and/or take steps to prevent this horrific criminal conduct from occurring at its hotel, so that it could continue earning a profit at the expense of human life, human rights, and human dignity.

5. As part of its knowledge of sex trafficking, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS knew or should have known that sex traffickers, or 'pimps', use threats, violence, manipulation, lies, debt bondage, forced drug use and other forms of coercion to compel adults and children to engage in commercial sex acts against their will at these hotels and motels.

6. Plaintiff, S.W.'s, sex traffickers, or 'pimps', chose RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS as a venue to conduct their sex trafficking activities.

7. The passage of the TVPRA in 2008, as well as countless other legislative initiatives, including §509.096, *Fla. Stat*., put RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS on notice of the high likelihood of these illegal acts occurring on its hotel premises, which, at a

minimum, warranted RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its owners, operators, managers, employees, agents and servants, to be all the more vigilant and proactive in preventing this conduct.

8. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its owners, operators, managers, employees, agents and servants knew or should have known, based on a combination of well-documented indicators, that sex trafficking and other criminal activity was occurring, and would continue to occur, at its premises as a result of its misfeasance and nonfeasance.

9. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by its owners, operators, actual or apparent agents, servants and/or employees, aided, concealed, confined, benefitted and profited from sex trafficking and their criminal activity that was occurring at RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, including as to Plaintiff, S.W.

10. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by its owners, operators, actual or apparent agents, servants and/or employees, harbored human traffickers on its premises and/or failed to rectify the foreseeable risks of sex trafficking and other criminal activities that were occurring and continued to occur at RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS.

11. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by its owners, operators, actual or apparent agents, servants and/or employees, failed to take steps to prevent dangerous conditions from existing at its premises, failed to ensure its premises were safe and secure from criminal conduct and failed to report suspicious conduct, such as human sex trafficking, occurring on its premises.

12. As a result of each and every one of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's failure to act and its negligent operations as outlined in the Complaint, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS became a vehicle for carrying out human trafficking, sex crimes and/or other unlawful conduct.

13. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS profited from the room occupancy at its premises, which included rental fees, increased property value, food and beverage sales on site and/or ATM fees, Plaintiff, S.W., was being exposed to continuous and repeated dangerous conditions at RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS as a sex slave that resulted in her confinement, bodily injuries, emotional distress, mental harm and anguish from approximately 2019 to 2020.

14. Before and during this period from 2019 to 2020, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS was on notice of the prevalence of sex trafficking on its premises, as well as at similarly situated hotels within Broward County, Florida, and RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS failed to take adequate steps that would have prevented its occurrence.

15. Before and during this period from 2019 to 2020, RODEWAY INN, EZ HOSPITALITY AND CHOICE HOTELS failed to implement sufficient educational and training programs on sex trafficking within its respective corporate chain of command, as well as failed to implement policies for preventing, identifying, reporting, documenting, investigating, and stopping sex trafficking at RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS.

16. Before and during this period from 2019 to 2020, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS knew or should have known that Plaintiff, S.W., was

being trafficked at RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and yet failed to act upon the obvious signs alerting it to the crimes taking place on its premises.

17. Plaintiff, S.W., brings this action for damages against RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, in violation of the TVPRA, knowingly benefited from a venture that it knew, or should have known, to be engaging in sex trafficking in violation of 18 U.S.C. § 1591(a) and (b), and which enabled, harbored, facilitated or financially benefited, or any combination of the foregoing, from a sex trafficking venture in which Plaintiff, S.W., was trafficked for sex, sexually exploited, and victimized in violation of the TVPRA.

18. As a direct and proximate result of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's willful blindness, negligence, facilitation, misfeasance, nonfeasance and/or consistent refusals to prevent human trafficking on its premises, the Plaintiff, S.W., was drugged, starved, sex trafficked, sexually exploited, physically abused, mentally abused, and victimized repeatedly at RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and other hotels, in violation of the aforementioned statutes as well as Florida state law.

19. This action is also for common law premises liability, negligent rescue, and negligent failure to render aid.

**JURISDICTION AND VENUE**

20. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States and this Court has supplemental jurisdiction over Plaintiff's claims that do not arise under federal law because each claim is "so related to claims in the action within [this Court's] original jurisdiction

that they form part of the same controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a).

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in the judicial district where this action was brought.

**PARTIES**

22. At all times material to this complaint, Plaintiff, S.W., was a resident of Miami-Dade County, Florida.

23. Plaintiff, S.W., is a "victim" of sex trafficking as protected under applicable provisions of the TVPRA.

24. Plaintiff, S.W., was sex trafficked at Rodeway Inn & Suites located at 2440 West State Road 84, Fort Lauderdale, FL 33312 between 2019 and 2020.

25. At all times material to this complaint, Defendant, TROPICAL PARADISE RESORTS, LLC is a Florida limited liability company doing business as RODEWAY INN & SUITES with a principal address located at 2440 West State Road 84, Dania, FL 33312, and upon information and belief was authorized to do, licensed to do, and doing business in the State of Florida as owner of the local Florida RODEWAY INN & SUITES hotel at issue in this lawsuit, offering the subject RODEWAY INN & SUITES hotel as a place of public lodging.

26. At all times material to this complaint, Defendant, EZ HOSPITALITY, LLC is a Florida limited liability company with a principal address located at 2440 West State Road 84, Fort Lauderdale, FL 33312, and upon information and belief was authorized to do, licensed to do, and doing business in the State of Florida as manager of the local Florida RODEWAY INN &

SUITES hotel at issue in this lawsuit, offering the subject RODEWAY INN & SUITES hotel as a place of public lodging.

27. At all times material to this complaint, Defendant, CHOICE HOTELS INTERNATIONAL, INC. is a Delaware limited liability company with a principal address located at 915 Meeting Street, Suite 600, North Bethesda, MD, and upon information and belief was authorized to do, licensed to do, and doing business in the State of Florida as operator and franchisor of the local Florida RODEWAY INN & SUITES hotel at issue in this lawsuit, offering the subject RODEWAY INN & SUITES hotel as a place of public lodging.

28. At all times material to this complaint, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, were, by and through their agents, servants, and/or employees, the owners, operators, managers, supervisors, controllers and innkeepers of an RODEWAY INN & SUITES located at 2440 West State Road 84, Fort Lauderdale, FL 33312.

**SEX TRAFFICKING UNDER FEDERAL LAW**

29. Sex trafficking is defined by the TVPRA under 22 U.S.C. § 7102, as "the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purposes of a commercial sex act and in which the commercial sex act is induced by force, fraud, or coercion or in which the person induced to perform such act has not attained 18 years of age." This definition combines the three elements of sex trafficking as a criminal offense: the act, the means, and the purpose.

30. Sex trafficking ventures are prohibited by federal criminal law. Sex trafficking is slavery for the *purpose* of commercial sex, a lens on the already existing crimes prohibited by 18 U.S.C. § 1589 and §1590. The crime of slavery can be divided into two elements: the act and the means. The *act* is the "harboring, transporting, providing, or obtaining," of forced labor, codified

as a violation of 18 U.S.C. §1590, while the *means* is labor "obtained or provided by force, fraud or coercion" and is codified as a violation of 18 U.S.C. §1589.

31. Thus, while the complete definition of 'sex trafficking' is found in the TVPRA under 22 U.S.C. § 7102, and it is specifically prohibited under 18 U.S.C. §1591, it is nevertheless a long recognized and familiar atrocity.

32. Pursuant to 18 U.S.C. §1591(a) and (b), all who knowingly provide *or* obtain commercial sex that was provided or obtained through force, fraud, and coercion *or* from a person under the age of 18 years old are guilty of sex trafficking. This includes, at a minimum, *both* the 'trafficker' who recruit, harbor, transport, and provide individuals for forced commercial sex work *and* the 'Johns' or 'buyers' who obtain, solicit, or patronize forced commercial sex work.

## STATEMENT OF FACTS

### S.W. and her sex trafficker, Steven Charles Joseph

33. In approximately 2004, S.W., then 12 years old, was introduced to the person who would eventually become her sexual trafficker – Steven Charles Joseph (hereinafter "Mr. Joseph"). Initially, S.W. knew Mr. Joseph as a school friend. S.W. later reconnected with Mr. Joseph in approximately 2014. At that time, they worked together on Mr. Joseph's music, music videos and YouTube videos. S.W. was not aware that Mr. Joseph was trafficking or "pimping" at the time although he did make jokes about it and mention it in his music.

34. S.W. and Mr. Joseph lost touch again as S.W. moved to Naples. They got into contact again in approximately 2019, via Instagram after S.W. relocated back to Miami from Naples. Mr. Joseph reached out to S.W. to work on music together again.

35. During this time, S.W. was already "in the life" and had previously worked as an escort. Mr. Joseph mentioned wanting to work with her in that capacity and list her on websites,

such as Independent Girls, Eros, and Adult Search. When S.W. agreed, Mr. Joseph began listing S.W. on those websites for "Johns" under the names Lili 2 Cups, Gabriela Diaz, and Hazel. Initially, S.W. agreed to Mr. Joseph being her "pimp," and Mr. Joseph paid S.W. for the sex work she performed.

36. However, S.W.'s relationship with Mr. Joseph quickly changed. From this point forward until the end of 2020, Mr. Joseph held S.W. captive through beatings, threats of violence, isolation, withholding of food, and other cruel acts that broke S.W.'s will, as he used her for his sex trafficking operation at RODEWAY INN & SUITES, as well as other hotels in Broward County, Florida, for upwards of one year.

37. Mr. Joseph stopped paying S.W. and began to beat her and threaten her family when she did not comply. Mr. Joseph would often say that S.W.'s young niece was "not safe" and that her brothers "knew not to mess with him" because of his connections to and involvement with the local Haitian gang, Zoe Pound.

38. Mr. Joseph also threatened S.W. with her own life. On multiple occasions, Mr. Joseph physically beat S.W., held S.W. at gunpoint, and pistol-whipped S.W.

39. Mr. Joseph also physically assaulted S.W. in front of many of his Zoe Pound gang members, who would never intervene. The only time Mr. Joseph's Zoe Pound gang members intervened was on one occasion with Mr. Joseph did not pay Zoe Pound their cut for S.W.'s sex work.

40. Additionally, Mr. Joseph had complete control and ownership of S.W.'s life. She was not allowed to go anywhere without Mr. Joseph or without Mr. Joseph's express permission. Mr. Joseph had S.W.'s location and would show up to places S.W. would go whenever she did not have his permission.

41. S.W. was not allowed to visit her family often due to the bruises on her body from Mr. Joseph's beatings. The few times she was allowed to visit her family, S.W. was never allowed to go without Mr. Joseph being present.

42. During this period of time, Mr. Joseph forced S.W. to perform sexual acts on countless individuals who sought sexual encounters in exchange for a fee at RODEWAY INN & SUITES.

43. S.W. was subject to repeated instances of rape, physical abuse, verbal abuse, exploitation, psychological torment, kidnapping, and false imprisonment at RODEWAY INN & SUITES.

44. Not only did Mr. Joseph forcibly prostitute S.W. at Rodeway Inn & Suites, Mr. Joseph recorded a video of him raping S.W. at RODEWAY INN & SUITES without her knowledge and consent and posted it on the Internet.

45. Mr. Joseph controlled everything—the money, food, clothes, who S.W. interacted with, sanitary supplies, toiletries, and when she bathed. He made S.W. beg for food, clothes, and toiletries, basic human needs.

46. When S.W. was hungry, Mr. Joseph often ordered food for himself and others, but would withhold food from S.W. claiming she was too fat and too big to eat.

47. Mr. Joseph charged the "Johns" – the individuals obtaining, soliciting, or patronizing forced commercial sex work – $500.00 per hour for sexual activity with S.W. at RODEWAY INN & SUITES. "Johns" paid Mr. Joseph or S.W. in cash or via CashApp or PayPal directly to their accounts. After S.W. collected the money and forcibly performed the sex acts for the "John," Mr. Joseph would take all of the money that S.W. earned for him and not pay S.W. a single penny for the multiple forced sexual encounters.

48. Mr. Joseph paid in cash or via card for the hotel rooms that were used to forcibly prostitute S.W. and other victims of sex trafficking. Mr. Joseph would arrive to RODEWAY INN & SUITES with S.W. and sometimes upwards of twenty (20) other sex trafficking victims, who were scantily dressed.

49. Additionally, Mr. Joseph partnered with other local "pimps" to host sex parties at the lobby of RODEWAY INN & SUITES and is adjoining restaurant Marina 84 Sports Bar & Grill, where "Johns" were then taken into the hotel rooms by S.W. and other victims of sex trafficking. Multiple staff members of RODEWAY INN & SUITES were present at these parties and all were aware of the purpose of these parties – to make as much money as possible from the "Johns."

50. At the sex parties, S.W. and the other sex trafficking victims were dressed very nicely. Mr. Joseph and the other local "pimps" would rent out RODEWAY INN & SUITES' adjoining restaurant Marina 84 Sports Bar & Grill, for food and drinks. The parties were advertised on multiple websites, so the "Johns" knew where to go for the sex parties. S.W. and the other sex trafficking victims would then take the Johns from the restaurant into the lobby of RODEWAY INN & SUITES and the rented rooms to forcibly perform sex acts for the "Johns."

51. S.W. and Mr. Joseph's other sex trafficking victims would also frequent Marina 84 Sports Bar & Grill to pick up and/or wait for "Johns" regularly, even when they were not hosting a sex party.

52. S.W. was forced into sexual encounters with upwards of five (5) to six (6) "Johns" per night, and these "Johns" would enter and leave RODEWAY INN & SUITES in revolving door fashion with no luggage or personal items to suggest that they were guests of the hotel.

53. Mr. Joseph operated the sex trafficking venture out of the same hotel rooms at RODEWAY INN & SUITES for multiple days or weeks in succession. Oftentimes, Mr. Joseph also booked "day rooms" for multiple hours.

54. Mr. Joseph controlled S.W. through physical and psychological manipulations, and by punishing her with physical violence when she did not conform to his demands. Mr. Joseph shot S.W. with a taser gun on multiple occasions when she refused to comply with his orders.

55. Mr. Joseph transported S.W. to and from various hotels and motels, including RODEWAY INN & SUITES, while the employees of those hotels, including RODEWAY INN & SUITES, essentially ignored what was going on or looked the other way.

56. On numerous occasions at RODEWAY INN & SUITES, Mr. Joseph routinely escorted S.W., who was visibly drunk and scantily clothed, in plain view of the front desk after Mr. Joseph paid in cash for the rooms at RODEWAY INN & SUITES out of which the sex trafficking venture was housed.

57. Mr. Joseph befriended the staff and security personnel that worked at RODEWAY INN & SUITES, and the hotel staff knew that Mr. Joseph was forcibly prostituting S.W. on the premises.

58. On one occasion, Israel "Izzy" Fintz, the hotel manager, abruptly entered the room out of which a sex trafficking venture was being conducted by S.W. to complain of marijuana smell and demand additional payment for the room due to the smell.

59. S.W. observed some of the same hotel staff over the course of time she was trafficked for sex at RODEWAY INN & SUITES, and the hotel staff did nothing to stop or prevent the ongoing and obvious torture S.W. was enduring while being regularly trafficked for sex at RODEWAY INN & SUITES.

**Defendants' Duty of Care to Patrons**

60. Chapter 509 of the Florida Statutes imposes legal responsibilities upon hotels, like the RODEWAY INN & SUITES one owned, operated, and managed by RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, to take action to protect people. In Florida, hotels are "innkeepers" and owe patrons a special duty of care.

61. The RODEWAY INN & SUITES owned, operated, and managed by RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS is a public lodging establishment pursuant to Chapter 509 of the Florida Statutes.

62. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS owns, operates, manages, supervises, and/or controls public lodging establishment for the purpose of making a profit and is otherwise responsible for maintaining its premises.

63. The premises of RODEWAY INN & SUITES includes a common space and private rooms as well as a parking lot that abuts to a sidewalk and/or land, and, at all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS had possession, custody, or control of these common spaces, private rooms, parking lots and any sidewalk and/or land abutting thereto, as it applies to their business of providing public lodging at RODEWAY INN & SUITES.

64. RODEWAY INN & SUITES abuts to pathways, parking lots and/or driveways, and RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS was or should have been aware that these neighboring parking lots, pathways and/or other driveways were being used by their patrons to traverse to and from RODEWAY INN & SUITES, thereby expanding the zone where

RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS was to have prevented foreseeable risks of injury to the Plaintiff, S.W.[1]

65. Aside from its special duty to patrons and guests at RODEWAY INN & SUITES, such as Plaintiff, S.W., at all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS had one of the highest obligations to protect its guests from known or anticipated dangers, which includes sex trafficking and illegal enterprises.

66. At all relevant times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS were aware of and/or should have been aware of its roles and responsibility in human sex trafficking.

**Defendants' Knowledge of the Prevalence of Sex Trafficking at their Hotel and their Participation in the Sex Trafficking Industry**

67. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its owners, operators, managers, supervisors, and/or controllers otherwise responsible for providing public lodging on its premises, have long profited from the reputations of hotels, including RODEWAY INN & SUITES, as havens of privacy and discretion for the offending, including the criminals that trafficked Plaintiff S.W.

68. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its owners, operators, managers, supervisors, and/or controllers otherwise responsible for providing public lodging on its premises, knew or should have known that their hotel, RODEWAY INN & SUITES, offered anonymity and non-traceability, making it an ideal venue for crime, drugs and sex trafficking in particular.

---

[1] If customers or clients are invited to use a convenient parking lot then the business owner may be liable for injuries they sustain on that lot even if it is not technically within the business' property line. *See Gutierrez v. Dade County School Bd*., 604 So. 2d 852, (Fla. 3d DCA 1992).

69. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its owners, operators, managers, supervisors, and/or controllers otherwise responsible for providing public lodging on its premises, knew or should have known that hotels are the top-reported venue where sex trafficking acts occur and that traffickers were using their hotel, RODEWAY INN & SUITES, as a hub for their sexual trafficking operations.

70. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its owners, operators, managers, supervisors, and/or controllers otherwise responsible for providing public lodging on its premises, knew or should have known that traffickers were harboring, raping and assaulting victims at their hotel, RODEWAY INN & SUITES, and were forcing them to engage in "in call" services, wherein buyers ("Johns") would come to the hotel solely to purchase sex from these victims, as well as "out call" services, wherein the buyer would rent a hotel room and the trafficker would deliver the victim to the buyer's room to complete the sordid transaction.

71. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, witnessed manifestations of sex trafficking and commercial exploitation taking place on their public lodging premises, through various indicators that traffickers and their victims exhibit during their stay at their hotels, including RODEWAY INN & SUITES.

72. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, was on notice of repeated incidences of sex trafficking occurring on its hotel premises, yet they failed to take the necessary actions to prevent sex trafficking from taking place on their premises.

73. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, knew or should have known that pimps and sex traffickers used their hotel to facilitate the trafficking of women for sex.

74. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, had the ability and the greatest reach to prevent, identify and thwart sexual exploitation at its hotels.

75. Multiple statutes and initiatives starting in 1997, have informed, mandated, called for, and suggested hotel owners, operators, managers, supervisors, controllers and/or staff, including RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, to implement effective safeguards to mitigate the risk that human trafficking will occur at or involve their premises and personnel.

76. Prior to the trafficking of Plaintiff S.W., voluminous data, step-by-step solutions and well- researched manuals published by anti-trafficking groups were available to RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and/or through their actual or apparent agents, servants, employees and/or staff in every position, to help them identify the signs of human sex trafficking and stop it.

77. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, had a legally imposed duty to ensure that its hotel property had taken all appropriate measures to prevent sex trafficking, and/or to timely implement reasonable policies, training, education and security measures to prevent sex trafficking.

78. At all material times, the actual or apparent agents, employees, or servants of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS were uniquely situated to identify and report suspicious activity on their hotel property because, from check-in to check-out, there were numerous indicators exhibited by the traffickers and their sex trafficking victims, including S.W., during their stay at RODEWAY INN & SUITES.

79. Had RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS properly trained its actual/apparent agents, employees, and/or servants and/or implemented an anti-human trafficking protocol and/or provided other reasonable security measures, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have prevented the trafficking of persons on its public lodging premises.

80. Signs of sex trafficking at a hotel, and signs which were occurring at RODEWAY INN & SUITES, include, but are not limited to, the following: an excess of condoms in rooms, individuals carrying or flashing large amounts of cash, renting two rooms next door to each other, declining housekeeping service for several consecutive days, significant foot traffic in and out of rooms, men traveling with multiple unrelated women, guests checking in with little or no luggage, hotel guests who prevent another individual from speaking for themselves, or a guest controlling another's identification documents.

81. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants, employees and/or staff, were aware of and/or should have been aware of a number of warning signs occurring on their premises that indicated the presence of human trafficking, including but not limited to:

a. persons showing signs of malnourishment, poor hygiene, fatigue, sleep deprivation, untreated illness, injuries, and/or unusual behavior;

b. persons lacking freedom of movement or being constantly monitored;

c. persons having no control over or possession of money or ID;

d. persons dressing inappropriately for their age or having lower quality clothing compared to others in their party;

e. persons requesting room or housekeeping services (additional towels, new linens, etc.), but denying hotel staff entry into the room;

f. the presence of multiple computers, cell phones, pagers, credit card swipers, or other technology in the room;

g. persons extending stay with few or no personal possessions in the room;

h. excessive amounts of sex paraphernalia in rooms (condoms, lubricant, lotion);

i. the same person reserving multiple rooms;

j. a room being rented hourly, less than a day, or for an atypical extended stay;

k. attempts of persons to sell items to or beg from patrons or staff;

l. cars in the parking lot regularly parked backward, so the license plates are not visible;

m. loitering and solicitation of male patrons;

n. individuals waiting at a table or bar and then being picked up by a male (trafficker or customer);

o. persons asking staff or patrons for food or money; and

p. persons taking cash or receipts left on tables.

82. Had RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS educated and/or trained its actual or apparent agents, servants, employees and/or staff regarding human

trafficking and their warning signs, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's actual or apparent agents, servants, employees and/or staff would have been more aware of human trafficking taking place at their hotel and could have, at best, prevented it from happening or, at worst, been more willing to report it when it happened.

83. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have and should have adopted policies and procedures related to human trafficking and made anti-human trafficking resources readily available to its actual or apparent agents, servants, employees and/or staff, but RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS did not.

84. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have and would have mandated that all of its actual or apparent agents, servants, employees and/or staff complete anti-human trafficking training, but RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS did not.

85. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have and should have encouraged all of its actual or apparent agents, servants, employees and/or staff to report suspected incidents of human trafficking when observed on their hotel properties, but RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS did not.

86. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have and should have developed and maintained relationships with law enforcement regarding appropriate and timely responses to suspected incidents of human trafficking on its hotel property, but RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS did not.

87. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have and should have posted antihuman trafficking awareness and informational materials in common areas

and guest rooms at its hotels to help eliminate human trafficking, but RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS did not.

88. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have and should have developed and maintained relationships with non-profit service providers in the field of appropriate human trafficking prevention training for hotel staff, but RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS did not.

89. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS failed to take effective preventative measure at its hotel in spite of the indicia of human trafficking and effective preventative measures being widely known and available to it; RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS simply elected not to undertake in preventative policies and practices.

90. The motivation behind RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's ongoing willful blindness and ongoing failure to act is plain and simple – limitless corporate greed. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS ignored all of the signs of and/or solutions to human trafficking out of an unfettered fealty to its profit margins and a corresponding complete disregard for the value of human life.

91. By repeatedly failing to heed the call or repeatedly failing to execute its own policies, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS facilitated the sexual trafficking crimes at its hotel, content to direct its efforts solely to profit and the bottom line.

92. Had RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS implemented anti-human trafficking measures at its hotel, this undertaking would have been in conflict with RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's revenue objective, which sought constant and full hotel occupancy.

93. Upon information and belief, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and/or through its agents, lobbied against antihuman trafficking policies at the local, state and federal government levels.

94. Due to its failure to act, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS facilitated and enabled sex traffickers to use its hotel for sex trafficking, and traffickers and "Johns" continued to capitalize on the hotel's failure to timely and effectively act.

95. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's failure to prevent and stop sex trafficking and sexual exploitation at its hotel effectively makes RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS accountable to victims of sex trafficking, including Plaintiff, S.W.

**Defendants' Hotel Manager, Israel "Izzy" Fintz's
Knowledge of and Relationship with S.W.**

96. In fact, Israel "Izzy" Fintz, the manager of RODEWAY INN & SUITES, frequently invited S.W. into his office to flirt with her and give her free drink cards for Marina 84 Sports Bar & Grill. Mr. Fintz asked S.W. on multiple occasions to go on "dates" with him.

97. S.W. first interacted with Mr. Fintz on a day when she was with a "John" in a RODEWAY INN & SUITES room. Mr. Fintz knocked on the room door, yelled at the "John" to leave, and charged S.W. $300.00 for smoking marijuana in the room.

98. A few months later, Mr. Fintz approached S.W. to tell her that he felt badly about what had happened and that he had to charge her for smoking marijuana in the room. Then, he kept asking S.W. when he was going to see her and when they were going to date. S.W. just told Mr. Fintz that one day they would date.

99. From that point forward, Mr. Fintz began to invite S.W. into his office frequently to give her free drink cards for Marina 84 Sports Bar & Grill.

100. On one occasion, a "John" who regularly paid for sex acts from S.W. came into the lobby of RODEWAY INN & SUITES in a jealous rage and very loudly accused Mr. Fintz of sleeping with S.W. because he was jealous of Mr. Fintz and S.W.'s relationship.

101. The next time S.W. saw Mr. Fintz, Mr. Fintz confided in S.W. that he was forced to have a staff meeting regarding the scene the "John" made and to assure his staff that he did not have a sexual relationship with S.W.

102. After this encounter, Mr. Fintz never asked S.W. to go on dates with him again; however, he did continue to invite her into his office to provide her free drink cards for Marina 84 Sports Bar & Grill.

**The Sex Trafficking of Plaintiff S.W. at RODEWAY INN & SUITES**

103. From approximately 2019 to 2020, Plaintiff, S.W., was recruited to, enticed to, solicited to, held at, harbored as captive at and/or transported to various hotels in Broward County, Florida, by her sex trafficker, Stephen Joseph, to engage in commercial sex acts at these hotels on a regular, consistent and/or repeated basis, including at RODEWAY INN & SUITES.

104. During the relevant time period, sex trafficking activities and drug use were conducted in the open on the premises of RODEWAY INN & SUITES.

105. In addition to sex trafficking activities taking place at RODEWAY INN & SUITES, RODEWAY INN & SUITES was also used as a staging area by sex traffickers, including Mr. Joseph.

106. At all times material to this Complaint, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, regularly rented or otherwise provided, for its own pecuniary benefit, rooms and services at RODEWAY INN & SUITES to Mr. Joseph, Plaintiff, S.W.'s, sex trafficker.

107. At all times material to this Complaint, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS received monetary payment for the rental of rooms at RODEWAY INN & SUITES, including the rooms where Plaintiff, S.W., was being trafficked.

108. The Plaintiff, S.W., was forced to engage in sexual activities within and on the premises of RODEWAY INN & SUITES that was at all relevant times owned, operated, managed, supervised, controlled and/or otherwise held responsible by RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS.

109. Upon information and belief, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's agents, employees, and servants made promises to Mr. Joseph, Plaintiff, S.W.'s, sex trafficker, to not interfere with S.W., who was a victim of human sex trafficking and slavery.

110. The human sex trafficking enterprise, specifically as to how it was applied to Plaintiff, S.W., was run out of RODEWAY INN & SUITES as follows:

a. Plaintiff's sex trafficker, Mr. Joseph, placed internet advertisements for the purpose of prostituting Plaintiff, S.W., on websites like Independent Girls, Eros, and Adult Search. These advertisements would include a phone number, which "Johns" would call or text. During the telephone call or text messaging, sex for cash was negotiated and the caller/texter "John" would be informed that Plaintiff, S.W., who was listed as "Lili 2 Cups," "Gabriela Diaz," or "Hazel" on the websites, was at one of the hotels utilized by Mr. Joseph for the sex trafficking enterprise, including RODEWAY INN & SUITES.

b. The caller/texter "John," who negotiated for the Plaintiff's sex services, would then receive a call or text message directing the "John" to go to the hotel lobby, where the "John" would speak to Mr. Joseph in the lobby to inquire about the Plaintiff's room number or would otherwise be directed to Plaintiff's room.

c. Mr. Joseph gave Plaintiff, S.W., the stage name of "Lili," "Gabriela," or "Hazel" to use when she interacted with the "John," both on the phone when they called to find out which room she was in and when performing sex acts in her hotel room;

d. When Plaintiff, S.W., performed sex acts with the "John" in the room, Plaintiff's sex trafficker, Mr. Joseph, would linger in the halls of the hotel;

e. The "John" paid Plaintiff in cash or via CashApp or PayPal in exchange for the commercial sex acts that the "John" received in the hotel room. Plaintiff gave the cash received for the commercial sex acts to her trafficker, Mr. Joseph.

f. Mr. Joseph never compensated Plaintiff for the sexual acts she performed in furtherance of the sex trafficking venture being run at RODEWAY INN & SUITES. Mr. Joseph simply allowed Plaintiff to live, eat, and have shelter at the hotels where the sex trafficking venture was being run, including RODEWAY INN & SUITES.

g. Mr. Joseph used said cash as payment for the hotel rooms where commercial sex acts continued to take place, thereby financially benefitting RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS through increased occupancy rates at RODEWAY INN & SUITES.

h. Plaintiff's sex trafficker, Mr. Joseph, also engaged in the commercial sale of illegal drugs on the premises of RODEWAY INN & SUITES with drug sales taking place either in the hotel rooms or in public areas of the hotel. The drugs were provided by the Haitian gang "Zoe Pound," of which Mr. Joseph was a member.

111. Plaintiff, S.W., performed numerous commercial sex acts ("dates") per day while at RODEWAY INN & SUITES between 2019 and through 2020. As such, the routine identified

in the preceding paragraph occurred on the hotel premises numerous times within a 24-hour window.

112. Upon information and belief, some of the "Johns" visiting Plaintiff, S.W., while on the premises of RODEWAY INN & SUITES were staff, agents and/or employees of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and/or their friends, acquaintances or associates.

113. While being trafficked at RODEWAY INN & SUITES, Plaintiff, S.W.'s, room was frequented by many men on a daily basis and was always littered with drugs and drug paraphernalia.

114. Mr. Joseph, Plaintiff S.W.'s sex trafficker, in his individual capacity and through Plaintiff and other agents, conducted multiple illegal drug sales throughout the day at RODEWAY INN & SUITES in adjoining rooms.

115. Upon information and belief, while at RODEWAY INN & SUITES, Plaintiff, S.W., was frequently drunk or used illegal hard drugs, and would exhibit behavior consistent with someone who was under the influence, or near overdose, of a chemical substance, including crack.

116. The following was also routine conduct taking place at R RODEWAY INN & SUITES as a result of the human sex trafficking enterprise:

a. Plaintiff's sex trafficker, Mr. Joseph, frequently rented multiple rooms at RODEWAY INN & SUITES in close proximity to each other and in proximity to the stairwells and exits;

b. Plaintiff's sex trafficker, Mr. Joseph, paid cash for the rooms at RODEWAY INN & SUITES where Plaintiff engaged in commercial sex acts;

c. Plaintiff's sex trafficker, Mr. Joseph, booked extended stays at RODEWAY INN & SUITES for himself, for Plaintiff and other women he sex trafficked on a routine basis and on a rotating basis frequently throughout the year;

d. Plaintiff and her sex trafficker, Mr. Joseph, would have few or no luggage or personal possessions for these extended stays at RODEWAY INN & SUITES;

e. Plaintiff was confined in the rooms at RODEWAY INN & SUITES for long periods of time;

f. Plaintiff's rooms and her sex trafficker's rooms consistently displayed "Do Not Disturb" signs on the doors to the room where Plaintiff was engaged in commercial sex acts;

g. Men ("Johns") frequently entered and left the rooms at RODEWAY INN & SUITES where Plaintiff was engaged in illegal commercial sex acts at all times of day and night;

h. Plaintiff's sex trafficker, Mr. Joseph, consistently refused housekeeping services and otherwise would prohibit staff from entering their rooms and Plaintiff's rooms;

i. Plaintiff would frequently request clean towels and linens;

j. Plaintiff dressed in a sexually explicit manner, wearing tight, short and revealing clothing with bright colors, and she would walk the hallways of RODEWAY INN & SUITES wearing same at night;

k. Excessively loud noises would consistently come from Plaintiff's rooms;

l. During nighttime hours, Plaintiff and her "Johns" and drug clients would create noise in the public area of RODEWAY INN & SUITES and, upon information and belief, would cause a disturbance to other guests using the hotel for their intended purposes;

m. Mr. Joseph hosted sex parties in the lobby of RODEWAY INN & SUITES with Plaintiff and other women he sex trafficked, where the victims, including Plaintiff, would take several "Johns" into their rooms throughout the course of the party;

n. RODEWAY INN & SUITES' hotel manager, Israel "Izzy" Fintz, would frequently request Plaintiff, S.W., to go on "dates" with him in exchange for payment;

o. Plaintiff was often under the influence of alcohol and drugs, including crack, provided by Mr. Joseph's Zoe Pound gang members, and the staff members of RODEWAY INN & SUITES would consistently see Plaintiff in either an impaired or ill state, wearing skimpy lounge or sleep type clothing during the day; and

p. While at the hotel, Plaintiff displayed clear signs of physical abuse, diminished personal hygiene, submissiveness, inappropriate attire, intoxication, impairment, and drug withdrawal.

117. In addition, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual and apparent agents, employees, or servants knew or should have known that:

a. Women, including Plaintiff, were walking around RODEWAY INN & SUITES with cuts, lacerations, abrasions, bruises, injuries and bandages, including all over their faces;

b. Women, including Plaintiff, were walking around RODEWAY INN & SUITES strung out on drugs for days at a time;

c. Women, including Plaintiff, at RODEWAY INN & SUITES looked tired and haggard due to forced sex work at all hours of the day or night for many days at a time;

d. Women, including Plaintiff, at RODEWAY INN & SUITES were dressing inappropriately for the location and weather; and

e. The same women, including Plaintiff, were walking in the lobby of RODEWAY INN & SUITES several times a day with different men (would meet "Johns" at front door).

118. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual and apparent agents, employees, or servants, knew or should have known of the dangerous conditions at RODEWAY INN & SUITES that were likely to cause harm to the Plaintiff, in the following ways:

a. RODEWAY INN, EZ HOSPITALITY AND CHOICE HOTELS was not properly designed for guest safety and proper monitoring by staff and surveillance systems;

b. The presence of suspicious people;

c. Random people coming in and out of certain room each night to have sex and buy drugs;

d. Rooms at RODEWAY INN & SUITES were routinely filled with numerous people who engaged in sex and drugs;

e. Loud, boisterous sounds and music in the rooms and public areas throughout the night and day disturbed the quiet enjoyment of other guests;

f. Women and clients would go into hotel parking lot and loiter;

g. RODEWAY INN & SUITES knew or should have known there was a foreseeable increased risk that illegal sex trafficking was occurring on its premises, and

that Plaintiff might be harmed. Further, the scope of the anticipated risk to which RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS allowed Plaintiff to be exposed and her corresponding injuries and abuse were reasonably foreseeable by RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS.

119. The foregoing routine and conduct occurred while Plaintiff, S.W., was being sex trafficked at RODEWAY INN & SUITES from 2019 to 2020 and, upon information and belief, the foregoing routine and conduct, as it applies to sex trafficking not specific to Plaintiff, also occurred at RODEWAY INN & SUITES many years prior to 2019.

120. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/ or by its actual or apparent agents, servants and/or employees, knew or had constructive knowledge, that they were renting or otherwise providing rooms and services to individuals, such as human sex traffickers, who were engaged in the commercial sex trade.

121. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by its actual or apparent agents, servants and/or employees, knew or had constructive knowledge, that the women with Plaintiff's sex trafficker, including Plaintiff, S.W., were used to carry out the commercial sex trade and sale of illegal drugs.

122. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by its actual or apparent agents, servants and/or employees, knew or should have known of suspicious activity occurring at its premises and that by failing to inspect and make their hotel premises safe from criminal activity, it was foreseeable that illegal activity was, and would continue to be, carried out at RODEWAY INN & SUITES.

123. It follows then that RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could reasonably foresee that sex crimes, human trafficking or other foreseeable acts were

occurring on their premises and/or were being committed against hotel guests, such as the Plaintiff S.W.

124. Additionally, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by their actual or apparent agents, servants and/or employees, knew or had constructive knowledge that illegal drugs were being sold and used on the premises.

125. Moreover, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's housekeeping, front desk, maintenance, food preparation staff, managers, pool staff, and security had conversations with the Plaintiff, S.W., and had knowledge, or should have had knowledge, that the Plaintiff was staying at the hotel for an extended period of time to carry out various sex trafficking ventures.

126. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's hotel staff also knew that the Plaintiff would routinely sleep during the day and walk the premises at night in provocative attire.

127. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its actual or apparent agents, servants and/or employees, was uniquely positioned to observe the manifestations or indications of human sex trafficking and human sex trafficking victims within RODEWAY INN & SUITES.

128. Had RODEWAY INN & SUITES's staff been properly trained by RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS's principals and/or anyone acting on their behalf regarding the obvious signs of sex trafficking, they would have observed the obvious signs of sex trafficking at RODEWAY INN & SUITES, including as they applied to Plaintiff S.W., and these signs would have been recognized and, therefore, reported.

129. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS failed to implement and enforce any of its own policies and protect Plaintiff S.W. from being sex trafficked.

130. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS knew or should have known that its premises where Plaintiff S.W. was being trafficked was an area known for high incidence of crime and prone to sex trafficking activity.

131. Despite having clear evidence of the extensive prostitution and sex trafficking that was occurring on its premises, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS repeatedly failed to stop or deter these actions.

132. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS could have prevented sex trafficking, by: (i) distributing information to assist its agents, employees, operators, and brand managers in identifying human trafficking and indications of an illegal enterprise or suspicious activity; (ii) posting notices as to what is human trafficking and a national hotline; (iii) providing a process for reporting and escalating human trafficking concerns within the organization, and to appropriate outside agencies; (iv) requiring all employees to attend training related to handling a situation involving human trafficking; (v) providing new hire orientation on human rights, corporate responsibility and whistleblowing of enablers; (vi) providing training and education to its hotel agents, employees, servants and staff through webinars, seminars, conferences, and online portals as to how to respond to suspected human traffickers, victims and suspicious activity; (vii) developing and holding ongoing training sessions on human trafficking; or providing checklists, escalation protocols and information to property management staff; or tracking performance indicators and key metrics on human trafficking prevention; (viii) providing steps they could undertake to deter traffickers and decline forms of bribery; and (ix) ensuring strict security protocols, credit cards only, and no loitering.

133. For years, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS has failed to take adequate steps to prevent the rampant culture of sex trafficking which tragically occurs on its premises at which Plaintiff S.W. was trafficked.

134. The acts and omissions of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS served to support, facilitate, harbor, and otherwise further the trafficker's sale and victimization of the Plaintiff S.W., and others, for commercial sexual exploitation by repeatedly renting rooms to people that it knew or should have known were engaged in sex trafficking.

**Defendants Knowingly Benefitted**
**From Plaintiff S.W.'s Sex Trafficking**

135. At all material times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS received money and financially profited from the forced commercial sex acts that were being carried out by the Plaintiff S.W. on its premises.

136. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS knew or should have known that it was financially profiting from the continuation of illegal commercial sex acts committed on its premises through both renting of rooms and the provision of the Plaintiff's forced commercial sex services.

137. Despite having actual or constructive knowledge and a general awareness of the signs of human trafficking, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its actual or apparent agents, servants and/or employees, failed to report to authorities, intervene, disrupt, refuse or otherwise stop the human sex trafficking of the Plaintiff S.W. that occurred on its premises.

138. By harboring the Plaintiff S.W.'s sex trafficker, Mr. Joseph, and Plaintiff's commercial sex and drug acts at RODEWAY INN & SUITES, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its actual or apparent

agents, servants and/or employees, continued to financially profit from the room occupancy derived from not reporting and not refusing the human sex trafficking of Plaintiff, S.W.

139. Accordingly, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS continued to financially profit from the room occupancy derived from not protecting their hotel guests, to wit Plaintiff S.W., from being a continuous victim of human sex trafficking.

**Defendants' Willful Blindness to Sex Trafficking at its Hotel**

140. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS has been on actual or constructive notice of repeated prior incidences of sex trafficking occurring at RODEWAY INN & SUITES, yet RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS failed to take the necessary action to prevent sex trafficking with respect to Plaintiff, S.W., and still persists in failing to take the necessary action to prevent sex trafficking at RODEWAY INN & SUITES.

141. Plaintiff, S.W., was a hotel guest at RODEWAY INN & SUITES, and Plaintiff was seriously and permanently injured as a direct result of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' acts and omissions, in that RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS permitted, harbored and facilitated illegal sex trafficking ventures to take place at its premises whereby the Plaintiff S.W. was routinely and continuously abused, battered, falsely imprisoned, raped, beaten, starved, enslaved and demoralized.

142. More specifically, at all material times, in the quest for profits, the acts and omissions of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS caused the Plaintiff, S.W., to suffer:

a. Forced labor;

b. Forced confinement without safe means of escape;

c. Assault and fear;

d. Sickness, dizziness and headaches;

e. Cuts, lacerations, abrasions and other physical harm;

f. Mental anguish, humiliation, exploitation, degradation and mental distress;

g. Suffocation, battery and rape;

h. Shock, fright and post-traumatic stress;

i. Alcohol and drug-induced dangers (the Plaintiff suffered alcohol and drug-induced actions which caused harm to themselves); and

j. Invasion of privacy and wrongful entry of "Johns."

**CAUSES OF ACTION**

143. The injuries and harms that Plaintiff, S.W., suffered as a result of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' negligent operation of its hotel premises and failure to make the hotel premises safe, are of a permanent and/or continuing nature.

144. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its hotel owners, operators, supervisors and controllers, had a continuing legal duty to protect their hotel guests and other invitees, like the Plaintiff S.W., to use ordinary care to keep their hotel premises in a reasonably safe condition, and to protect their guests, such as the Plaintiff S.W., from harm due to reasonably foreseeable risks of injury, regardless if the guests were utilizing the hotels' common rooms, facilities, exterior passageways, or were within the confines of the rented rooms.[2]

145. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS failed in its duties to the Plaintiff, S.W., to provide security and other precautions to prevent the criminal acts perpetrated against her person on the premises by third parties on a regular basis.

---

[2] 17 Fla. Jur., Hotels, Restaurants, and Motels, § 24; 40 Am.Jur.2d, Hotels, Motels, and Restaurants, § 111.

146. The attacks upon the Plaintiff, S.W. by her trafficker, Mr. Joseph, by the "Johns" and staff persons were foreseeable and thus RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS had a duty to protect Plaintiff.

147. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS observed, knew or should have known there was a foreseeable increased risk that illegal sex and drug trafficking was occurring at its premises and that the Plaintiff, S.W. might be harmed during the rental of the rooms at RODEWAY INN & SUITES as a result.

148. For RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its hotel owners, operators, supervisors and controllers, the crime of human sex trafficking was a foreseeable risk because the long history, prevalence and extent of this sex slavery was commonly known to them.

149. At all relevant times, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS and its hotel owners, operators, supervisors and controllers, were vehicles with which the crime of human sex trafficking was readily carried out, furthered, harbored and made financially viable.

150. Significantly, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS knew or should have known there was a foreseeable increased risk that illegal sex trafficking was occurring at its hotel, that tragic incidents were occurring as a result, and that the Plaintiff S.W., as a hotel guest, might be harmed due to prior similar incidents that had previously occurred there. Accordingly, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS should have taken steps to prevent sex and drug trafficking on its premises in accordance with applicable Federal, State and local laws and guidelines.

151. Accordingly, because human sex trafficking and other illegal activity associated therewith was foreseeable, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS had a duty to undertake adequate security or remedial measures to protect its guests, including Plaintiff, S.W., from criminal activity on the premises.

152. Plaintiff, S.W.'s injuries and consequential damages were the direct and proximate result of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' acts and omissions, namely:

a. Failure to provide training regarding human trafficking awareness to employees who perform housekeeping duties, maintenance, security, or who work at the front desk;

b. Failure to provide guidance on how to identify individuals who may be traffickers or their victims of the sex trafficking;

c. Failure to establish, implement or enforce a protocol on reporting suspected human trafficking;

d. Failure to establish, implement or enforce a protocol to respond to situations involving human trafficking;

e. Failure to enforce provisions within employee manuals or handbook on how to handle general emergency situations or manage criminal risks;

f. Failure to require its agents, servants and/or employees to participate, complete and continue education regarding sex trafficking in hotels;

g. Failure to remove and/or refuse subsequent accommodations to the Plaintiff's sex trafficker, Mr. Joseph, when conduct displayed on the premises included a

combination of intoxication, profanity, lewdness, or brawling; disturbing the peace or comfort of other guests; illegal activity; disorderly conduct; and drug dealing;

h. Allowing rental of hotel rooms without conferring with senior management, notwithstanding the suspicions;

i. Failure to correct or remedy protocols that were defective or ineffective in preventing or addressing prior sex and drug trafficking incidents at Defendant's hotel property;

j. Failure to provide adequate security personnel at RODEWAY INN & SUITES to protect its guests;

k. Failure to establish, implement and enforce appropriate security policies and procedures for certain times of day, room locations, and suspicious activity;

l. Permitting unknown persons to loiter, to gain entry to guest hallways, to know room numbers, and have access to room keys;

m. Failure to check the background of the hotel employees for sex crimes and other unlawful acts; and

n. Otherwise failing to use reasonable care for the safety of its guests.

153. By failing to act, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its actual or apparent agents, servants and/or employees, allowed the Plaintiff, S.W. to be harbored and confined for sexual acts while collecting rental fees thereon.

154. RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' willful blindness, negligence, or indifference for the health and welfare of the Plaintiff, S.W., spanned over many months and exceeded all bounds of decency.

155. Pursuant to §501.204, *Fla. Stat*., RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS has engaged in unconscionable and unfair acts or practices in the conduct of the hospitality industry.

156. As a further direct and proximate result of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' conduct and lack of due and reasonable care, Plaintiff, S.W., has incurred expenses, fees, and costs of medical care and attention to her injuries, including: (1) physicians' fees; (2) medications and medical supplies; (3) hospitalizations; and (4) transportation costs to and from various physicians' offices and hospitals.

157. As a further direct and proximate result of RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' conduct and lack of due and reasonable care, Plaintiff, S.W., has suffered great physical and mental pain, and will continue to suffer such pain for the indefinite future, for which Plaintiff should also be compensated by RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS.

**COUNT I**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA"): PERPETRATOR LIABILITY**
**(Against All Defendants)**

158. In support of her action against Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, Plaintiff, S.W., adopts and incorporates by reference paragraphs 1-157 contained in this Complaint as if fully set forth herein.

159. Plaintiff, S.W., is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591 and is therefore entitled to bring a civil action under 18 U.S.C. § 1595 against any individual or entity who knowingly benefits from participation in a venture which that entity or person knew or should have known has engaged in violations of the TVPRA.

160. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, knowingly benefited from the sex trafficking of Plaintiff, S.W.

161. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, knew or should have known about the nature of the sex trafficking venture at its premises, including as it related to Plaintiff S.W., for the reasons stated above which include, but are not limited to:

a. Cash payments for the rooms by the sex trafficker, Mr. Joseph;

b. Refusal of housekeeping services by those persons engaged in sex trafficking;

c. Excessive used condoms located in the rooms used for sex trafficking;

d. Excessive requests for towels and linens in the rooms used for sex trafficking;

e. Hotel staff observing Plaintiff S.W. and her trafficker, Mr. Joseph, in the hotel;

f. Hotel staff observing Plaintiff S.W., scantily clothed, and in a visibly impaired condition on the premises;

g. Plaintiff, S.W., being escorted by her trafficker, Mr. Joseph, in and around the hotel;

h. Pleas and screams for help coming from the rooms of Plaintiff, S.W., and/or those of other women being trafficked by Mr. Joseph;

i. Operation of sex trafficking ventures out of the same hotel room for multiple days or weeks in succession; and

j. Multiple men per day coming and going from the same rooms without luggage or personal possessions.

162. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS knowingly allowed traffickers, including Mr. Joseph, to rent rooms at RODEWAY INN & SUITES where S.W. was repeatedly trafficked.

163. Defendants actively facilitated the trafficking operation by failing to intervene despite clear signs of coercion and abuse.

164. Defendants' hotel staff observed signs of trafficking, including S.W. being escorted by her trafficker while visibly bruised, scantily dressed, and appearing intoxicated.

165. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS failed to take any steps to prevent trafficking, despite knowledge of ongoing criminal activity at their premises, RODEWAY INN & SUITES.

166. Defendants' hotel manager, Israel "Izzy" Fintz, was aware of and engaged with S.W., even providing her free drink cards and attempting to solicit her.

167. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS provided an environment that allowed trafficking to flourish, including permitting traffickers to book rooms in bulk and refusing to enforce security measures.

168. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, were participating in a venture under 18 U.S.C. § 1595(a) by engaging in a pattern of acts and omissions that were intended to support, facilitate, harbor, and otherwise further the trafficker's sale and victimization of Plaintiff, S.W., for commercial sexual exploitation by repeatedly renting hotel rooms at RODEWAY INN & SUITES to people it knew or should have known were engaged in sex trafficking, including Mr. Joseph.

169. For the reasons set forth herein, Plaintiff, S.W., suffered and will continue to suffer substantial economic, physical, and psychological injuries as the result of being trafficked and sexually exploited at RODEWAY INN & SUITES in violation of 18 U.S.C. §1591.

WHEREFORE, Plaintiff, S.W., demands judgment against Defendants, TROPICAL PARADISE RESORTS, LLC d/b/a RODEWAY INN & SUITES, EZ HOSPITALITY, LLC and CHOICE HOTELS INTERNATIONAL, INC., for compensatory damages, statutory attorney's fees, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

**COUNT II**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA"):**
**BENEFICIARY LIABILITY**
**(Against All Defendants)**

170. In support of her action against Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, Plaintiff, S.W., adopts and incorporates by reference paragraphs 1-157 contained in this Complaint as if fully set forth herein.

171. Plaintiff, S.W., is a victim of sex trafficking within the meaning of 18 U.S.C. § 1591 and is therefore entitled to bring a civil action under 18 U.S.C. § 1595 against any individual or entity who knowingly benefits financially or by receiving anything of value from participation in a venture which that entity or person knew or should have known has engaged in violations of the TVPRA.

172. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, knowingly benefited from the sex trafficking of Plaintiff, S.W. by receiving payment for the rooms rented for Plaintiff, S.W., and her trafficker, Mr. Joseph, at RODEWAY INN & SUITES. In addition, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, received

other financial benefits in the form of food and beverage sales from those persons who were engaging in sex trafficking.

173. Defendants profited from repeated room rentals to known traffickers, including Mr. Joseph, who paid in cash and frequently booked multiple rooms for extended stays.

174. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, knew or should have known about the nature of the sex trafficking venture at its premises, including as it related to Plaintiff S.W., for the reasons stated above which include, but are not limited to:

a. Cash payments for the rooms by the sex trafficker, Mr. Joseph;

b. Refusal of housekeeping services by those persons engaged in sex trafficking;

c. Excessive used condoms located in the rooms used for sex trafficking;

d. Excessive requests for towels and linens in the rooms used for sex trafficking;

e. Hotel staff observing Plaintiff S.W. and her trafficker, Mr. Joseph, in the hotel;

f. Hotel staff observing Plaintiff S.W., scantily clothed, and in a visibly drugged condition on the premises;

g. Plaintiff, S.W., being escorted by her trafficker, Mr. Joseph, in and around the hotel;

h. Pleas and screams for help coming from the rooms of Plaintiff, S.W., and/or those of other women being trafficked by Mr. Joseph;

i. Operation of sex trafficking ventures out of the same hotel room for multiple days or weeks in succession; and

j. Multiple men per day coming and going from the same rooms without luggage or personal possessions.

175. Defendants provided a venue where trafficking flourished, including the easy access RODEWAY INN & SUITES' adjoining restaurant, Marina 84 Sports Bar & Grill, where sex traffickers, including Mr. Joseph, hosted sex parties attended by "Johns," who were then escorted by the sex trafficking victims, such as S.W., to the hotel rooms provided by Defendants.

176. Hotel staff observed multiple men entering and leaving S.W.'s room throughout the night without luggage, a common indicator of sex trafficking.

177. Despite clear signs, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, took no action, thereby financially benefiting from the illicit activities occurring on their premises.

178. Defendants' failure to train staff or implement trafficking prevention measures directly contributed to their continued financial gain from illegal activities occurring at their premises.

179. RODEWAY INN & SUITES' policies, or lack thereof, enabled traffickers to operate freely, with Defendants willfully ignoring law enforcement recommendations and industry best practices.

180. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, were participating in a venture under 18 U.S.C. § 1595(a) by engaging in a pattern of acts and omissions that were intended to support, facilitate, harbor, and otherwise further the trafficker's sale and victimization of Plaintiff, S.W., for commercial sexual exploitation by repeatedly renting hotel rooms at RODEWAY INN & SUITES to people it knew or should have known were engaged in sex trafficking, including Mr. Joseph.

181. For the reasons set forth herein, Plaintiff, S.W., suffered and will continue to suffer substantial economic, physical, and psychological injuries as the result of being trafficked and sexually exploited at RODEWAY INN & SUITES in violation of 18 U.S.C. §1591.

WHEREFORE, Plaintiff, S.W., demands judgment against Defendants, TROPICAL PARADISE RESORTS, LLC d/b/a RODEWAY INN & SUITES, EZ HOSPITALITY, LLC and CHOICE HOTELS INTERNATIONAL, INC., for compensatory damages, statutory attorney's fees, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

**COUNT III**
**PREMISES LIABILITY**
**(Against All Defendants)**

182. Plaintiff, S.W., brings this claim against Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, for common law premises liability.

183. In support of her action against Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, Plaintiff, S.W., adopts and incorporates by reference paragraphs 1-148 contained in this Complaint as if fully set forth herein.

184. The sex trafficking of Plaintiff, S.W., at RODEWAY INN & SUITES that forms the underlying basis for this count started at some point in 2019 but was continuing and ongoing at RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' premises until at least December 31, 2020.

185. Additionally, Plaintiff, S.W., had repressed her memory of her sex trafficking at RODEWAY INN & SUITES.

186. At all times material to this complaint, Plaintiff, S.W., while an invitee or otherwise lawfully present upon the premises of Defendants, RODEWAY INN, EZ HOSPITALITY and

CHOICE HOTELS, did sustain injuries as a result of the actions and inactions of Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, their patrons and the criminal activity carried on at RODEWAY INN & SUITES.

187. As owner of the real property in which the hotel was located, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and by and through its agents, servants and/or employees, owed a nondelegable duty to maintain its hotel premises that it owned, operated, controlled, supervised and/or for which it was otherwise responsible, in a reasonably safe condition and free from conditions that would render it dangerous and unsafe for Plaintiff, S.W.

188. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its agents, servants and/or employees, owed a nondelegable duty to exercise reasonable care to protect Plaintiff, S.W., by inspection or other affirmative acts, from the danger of any reasonably foreseeable harm occurring from the reasonably foreseeable use of the premises of the hotel that Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, owned, operated, controlled, supervised and/or for which it was otherwise responsible.

189. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its agents, servants and/or employees, owed a nondelegable duty to exercise reasonable care to keep its hotel guests, including Plaintiff, S.W., safe by assessing, implementing and enforcing security measures and proper protocols.

190. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its agents, servants and/or employees, owed a nondelegable

duty to safeguard Plaintiff, S.W., against criminal conduct that it reasonably foresees happening on its hotel premises.

191. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its agents, servants and/or employees, owed a nondelegable duty to maintain its hotel premises in a hospitable, safe and reasonable manner, as well those areas beyond the hotel's property lines for which Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, had possession, custody or control.

192. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, had actual or constructive knowledge of prior similar sex trafficking incidents being carried out on its premises, as well as gateway and other crimes indicative of sex trafficking.

193. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, knew or should have known, in light of all the attendant circumstances stated herein, that the risk of such criminal conduct taking place on its premises would be unreasonably high without Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, taking appropriate security precautions against such conduct, as well as protocols for reporting and refusing such conduct.

194. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, individually and/or by and through its agents, servants and/or employees, had actual knowledge of the dangerous condition to which Plaintiff, S.W., was exposed at the hotel, or in the alternative, the dangerous condition existed for a sufficient length of time at the hotel premises or occurred with regularity such that Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, in the exercise of ordinary care, should have known of the conditions, thereby giving Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, constructive knowledge of the Plaintiff, S.W.'s peril; and/or Defendants, RODEWAY INN, EZ

HOSPITALITY and CHOICE HOTELS, should have known of the dangerous condition or peril by conducting proper and reasonable inspection and monitoring of the hotel premises and/or guests' conduct.

195. Because human sex trafficking and associated conduct was foreseeable, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, had a duty to take adequate measures on its premises to protect its guests, including the Plaintiff, S.W., from being victims of continued sex trafficking.

196. At all times material, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its agents, servants and/or employees, created and/or allowed the dangerous condition to exist on its premises and/or failed to keep Plaintiff, S.W., safe while she was on the hotel premises.

197. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, could have taken any number of corrective measures to make the dangerous conditions on its premises cease, including but not limited to, not accepting payments, not allowing "Johns" to enter the hotel, not allowing sex traffickers to enter the hotel, providing training regarding human trafficking awareness to employees who perform housekeeping duties, maintenance, security, or who work at the front desk; providing guidance on how to identify individuals who may be traffickers or their victims of the sex trafficking; establishing, implementing or enforcing protocols on reporting suspected human trafficking and responding to situations involving human trafficking; and enforcing provisions within employee manuals or handbook on how to handle general emergency situations or manage criminal risks.

198. In failing to take any measures to report and remove the dangerous condition from its premises, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, failed to take reasonable care to protect Plaintiff, S.W., its hotel guest.

199. Furthermore, by leaving the hotel premises open and unattended, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, encouraged the use of its hotel premises by loiterers, pimps, criminals, rapists and drug dealers to run criminal ventures and prostitute, batter, falsely imprison, enslave, and gravely injure women, such as Plaintiff, S.W., who – because of their fear, mental state, financial restraints and physical injuries from the forced sex occurring in Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' hotel rooms – were unable to rescue themselves. Accordingly, Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS' failure to act effectively enabled and transformed its hotel room(s) into confinement cells, confining and/or imprisoning Plaintiff, S.W., without any safe means of escape from the "Johns" and/or her "pimp," Mr. Joseph.

200. Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its agents, servants and/or employees, breached its respective nondelegable duties owed to Plaintiff, S.W., and were negligent with respect to her by:

a. Creating a dangerous condition;

b. Failing to correct the aforementioned dangerous condition;

c. Failing to report and refuse lodging to the traffickers;

d. Failing to properly and adequately maintain the premises in a reasonably safe condition;

e. Failing to monitor and prevent its staff, agents, and employees from conducting, engaging in, and facilitating illegal sex and drug trafficking;

f. Failing to have security measures to protect Plaintiff, S.W.;

g. Failing to provide training regarding human trafficking awareness to employees, agents and servants who perform housekeeping duties, maintenance, security, or who work at the front desk;

h. Failing to provide guidance to employees on how to identify individuals who may be traffickers or victims of the sex trafficking;

i. Failing to establish, implement or enforce protocols on reporting suspected human trafficking and responding to situations involving human trafficking;

j. Failing to enforce provisions within employee manuals or handbook on how to handle general emergency situations or manage criminal risks; and

k. Failing to take affirmative steps to investigate suspicious conduct and forbid criminal conduct.

201. As a direct and proximate result of the acts and omissions of Defendants, RODEWAY INN, EZ HOSPITALITY and CHOICE HOTELS, by and through its agents, servants and/or employees – which led to the continuous dangerous condition on its premises during the time period within which Plaintiff, S.W., was trafficked there (approximately 2019 to 2020) – Plaintiff, S.W., has suffered bodily injuries that are of a continuing or permanent nature, resulting pain and suffering, disability, disfigurement, mental anguish, PTSD, humiliation, distress, deformation, loss of capacity to enjoy life, loss of enjoyment of life, and expenses of medical treatment. All of the losses are either permanent or continuing in their nature, and Plaintiff, S.W., will suffer from such losses in the future.

WHEREFORE, Plaintiff, S.W., demands judgment against Defendants, TROPICAL PARADISE RESORTS, LLC d/b/a RODEWAY INN & SUITES, EZ HOSPITALITY, LLC and

CHOICE HOTELS INTERNATIONAL, INC., for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

Dated this 21st day of April, 2025.

/s/ *Spencer T. Kuvin*
Spencer T. Kuvin, Esq.
FL Bar Number: 89737
Law Offices of Craig Goldenfarb, PA
1641 Worthington Road, Suite 300
West Palm Beach, Florida 33409
Telephone: 561-697-4440
skuvin@800goldlaw.com

/s/ *Aaron A. Karger*
Aaron A. Karger, Esq.
FL Bar Number: 93226
Law Office of Aaron A. Karger, P.A.
16211 NE 18th Avenue
Suite 200
North Miami Beach, FL 33162
Telephone: (305) 577-7772
aaron@aak-law.com
service@aak-law.com