**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 0:25–CV–60771–ALTMAN-LETT

|  |  |
|---|---|
| S.W.,<br><br>      Plaintiff,<br><br>      v.<br><br>TROPICAL PARADISE RESORTS, LLC,<br>*et al.,*<br><br>      Defendants. | **STIPULATED PROTECTIVE ORDER GOVERNING PRODUCTION OF CONFIDENTIAL INFORMATION AND DISCLOSURE OF PLAINTIFF'S TRUE IDENTITY** |

## 1.  PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order Governing Production of Confidential Information and Disclosure of Plaintiff's True Identity ("Stipulated Protective Order"). The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth herein, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 5.4 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.  GOOD CAUSE STATEMENT

This action is likely to involve private personal information, information identifying Plaintiff, trade secrets, and other valuable research, development, commercial, financial, technical,

and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for improper or frivolous reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

3. **DEFINITIONS**

   3.1.   Action: This pending federal lawsuit.

   3.2.   Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

   3.3.   "Confidential" information or items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, but excluding "Confidential True Identity" and "Highly Confidential" information or items as defined herein.

   3.4.   Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

3.5.     Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as Confidential True Identity, Confidential or Highly Confidential.

3.6.     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.7.     Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.8.     "Highly Confidential" information or items: Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains trade secrets or proprietary information that has been maintained as non-public or confidential.

3.9.     In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.10.    Nonparty: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.11.    Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

3.12.    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.13.    Producing Party: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3

3.14.   <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15.   <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as Confidential True Identity, Confidential, or Highly Confidential.

3.16.   <u>Public Pre-Trial Court Proceeding or Pre-Trial Court Filing</u>: Any pre-trial hearing or other proceeding, presided over by a trial court judge and taking place in a courtroom or a judge's chambers in this Action, or any filing made before trial in this Action.

3.17.   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party

3.18.   <u>"Confidential True Identity" information or material</u>: Discovery Material that a Party reasonably believes in good faith constitutes, reflects, discloses, or contains any of Plaintiff's personal identifying information, including but not limited to her: (i) name and any alias names used at any time; (ii) date of birth; (iii) current address and any prior addresses; (iv) medical records; (v) financial records; (vi) educational & employment records; (vii) social media; (viii) physical attributes, such as biometric data or photographs showing unique physical attributes of Plaintiff, (ix) telephone number(s), and (x) Social Security Number.

4.  **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The Parties may also designate as Confidential True Identity any documents, testimony, written responses, or other materials produced in this case if the producing party has a good faith basis for asserting that they contain information, data, or tangible items that reflect Plaintiff's Confidential True Identity, including identifying physical attributes such as biometric data or

4

photographs showing unique physical attributes of Plaintiff, her voice, physical address of residence or workplace, or other personal private identification information which by a reasonable probability could be used to identify or locate Plaintiff.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Stipulated Protective Order does not govern the use of Protected Material at trial. No Party or Counsel may use material obtained through discovery in this Action from another Party in any other lawsuit, arbitration, mediation, or other legal or governmental proceeding absent permission from the Court or agreement of the Designating Party.

5. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order as to information and materials other than those pertaining to Plaintiff's Confidential True Identity shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

6. **REPRESENTATIONS AND LIMITATIONS RELATING TO PLAINTIFF'S CONFIDENTIAL TRUE IDENTITY**

In support of the protections and limitations provided herein relating to Plaintiff's Confidential True Identity, Plaintiff represents that she believes in good faith that the alleged trafficker(s) and the traffickers' associates present an ongoing threat to Plaintiff's safety and the safety of her family members and that the disclosure of Plaintiff's Confidential True Identity within the context of this Action will increase that threat. Plaintiff further represents that Plaintiff's Confidential True Identity has not been disclosed in connection with this Action, and that Plaintiff and her attorneys and representatives have not made and will not make any public statements regarding any of the Parties to or allegations in this Action. Plaintiff acknowledges and agrees that

the representations in this Section are material to the entry of this Stipulated Protective Order.

The provisions and protections in this Stipulated Protective Order relating to Plaintiff's Confidential True Identity shall only be effective in Public Pre-Trial Court Proceedings in this matter and shall have no effect during any trial in this matter. The Parties exclusively will reference the Plaintiff through the pseudonym "E.C." or as "Plaintiff" in all Pre-Trial Filings, in any public discovery, throughout the course of discovery, and in Public Pre-Trial Court Proceedings.

The protections and provisions in this Stipulated Protective Order relating to Plaintiff's Confidential True Identity will become inapplicable and ineffective if (a) Plaintiff publicly discloses Plaintiff's Confidential True Identity information, such as her identity or image, in relation to the underlying allegations on social media or with any media outlet, or (b) any Party discovers Plaintiff has previously, voluntarily disclosed Plaintiff's Confidential True Identity information, such as her identity or image, in relation to the underlying allegations.

The Court shall make a new determination regarding whether Plaintiff may proceed anonymously, the potential prejudice to the other parties relating to Plaintiff proceeding anonymously, and the public's interest in full disclosure relating to Plaintiff proceeding anonymously at each new stage in this litigation, including any trial.

The provisions in this Section 6 pertain only to provisions of this Stipulated Protective Order relating to Plaintiff's Confidential True Identity. Nothing in this Section 6 relates in any way to the protections and limitations provided herein related to information or materials designated as Confidential or Highly Confidential.

7. **<u>DESIGNATING PROTECTED MATERIAL</u>**

7.1. <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is

6

not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited.

    7.2.    <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL TRUE IDENTITY," "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed Confidential True Identity, Confidential, or Highly Confidential. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party shall determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.

(b)    For testimony given in depositions, the testimony shall be provisionally treated as Confidential True Identity, Confidential, or Highly Confidential, as appropriate, until thirty (30) days after the transcript is delivered by the court reporter to each Party's Outside Counsel of Record. Within the 30-day window following the court reporter's delivery of

the transcript, any Party may serve a Notice of Designation to all other Parties as to specific portions of the testimony that shall be designated as Confidential True Identity, Confidential, or Highly Confidential. After the 30-day window, only those portions identified in any Notice of Designation shall be protected by the terms of this Stipulated Protective Order.

For information produced in nondocumentary form, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL TRUE IDENTITY," "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7.3. <u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

8. **<u>PROTECTIONS FOR PLAINTIFF'S CONFIDENTIAL TRUE IDENTITY</u>**

8.1.    All records reflecting "Confidential True Identity" information will be maintained in a manner that protects the confidentiality of the Plaintiff. The Parties may only disclose Plaintiff's Confidential True Identity to the persons set forth herein and, in the manners set forth herein.

8.2.    Without awaiting a discovery request and within one week of the entry of this Stipulated Protective Order, Counsel for Plaintiff shall provide to the respective counsel for Defendants the following:

(a) the Plaintiff's name,

(b) any aliases used at any time by Plaintiff,

(c) Plaintiff's date of birth,

(d) Plaintiff's current address and all former addresses,

(e) Plaintiff's current employer and all former employers,

(f) Plaintiff's social security number,

(g) a list of all social media websites used by Plaintiff currently or at any point in the past, such as Facebook, X (formerly Twitter), and Reddit,

(h) the names and any known aliases of Plaintiff's trafficker(s) and any known associates of Plaintiff's trafficker(s),

(i) the case name, case number, and jurisdiction of any criminal cases in which Plaintiff was named as a Defendant or provided any sworn statements or testimony, including, but not limited to, statements to law enforcement or testimony at a hearing or trial.

(j) the case name, case number, and jurisdiction of any civil cases in which Plaintiff was a named party or provided any testimony, including, but not limited to, at a deposition, hearing, or trial.

Notwithstanding any provisions provided herein, Defendants expressly reserve their respective rights to request from Plaintiff during the course of discovery any other information that is linked or linkable to the Confidential True Identity of Plaintiff, such as, but not limited to, any medical, educational, financial, employment, or other information.

## 9.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

9.1.   Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

9.2.   Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply any applicable Local or Judicial Rules regarding such process.

9.3.    Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. The Court may provide appropriate relief for frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties). Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**10. ACCESS TO AND USE OF PROTECTED MATERIALS**

10.1. Basic Principles

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

10.2.    Disclosure of Confidential True Identity Information or Items:

Unless otherwise ordered by the Court or as provided herein, a Receiving Party may disclose any information or item designated as Confidential True Identity only to:

(a)     The Parties to this litigation, including any current employees, agents, and representatives of the Parties, as needed to litigate any claims or defenses;

(b)     Former employees, agents, and representatives of the Parties, as needed to litigate any claims or defenses;

(c)     Counsel for the Parties and employees, agents, and representatives of counsel, as needed to litigate any claims or defenses;

(d)     The Court and court personnel;

(e)     Court reporters, recorders, and videographers engaged for depositions. Before any

10

disclosure to such persons, the person must sign the Acknowledgement and Agreement to be Bound (Exhibit A);

(f)     Any mediator appointed by the Court or jointly selected by the Parties;

(g)     Any expert witness, outside consultant, or investigator retained specifically in connection with this Action and Plaintiff's Confidential True Identity may be disclosed to these individuals or entities only to the extent that Plaintiff's Confidential True Identity will assist the individual(s) in the scope of their work with counsel in connection with this Action;

(h)     Any custodian of records, but only to the extent that Plaintiff's Confidential True Identity will assist the custodian in obtaining and producing records;

(i)     Independent providers of document reproduction, electronic discovery, translation, or other litigation services, including focus groups, mock jurors, and jury consultants, retained or employed specifically in connection with this Action. Before any disclosure to such persons, the person must sign the Acknowledgement and Agreement to be Bound (Exhibit A);

(j)     Government agencies and agency personnel, but only to the extent that the disclosure of Plaintiff's Confidential True Identity is necessary to litigate any claims or defenses or to comply with any obligations or requirements;

(k)     Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case;

(l)     Any potential, anticipated, or actual fact witness, as well as the counsel for these individuals or entities, except that Plaintiff's Confidential True Identity must not be disclosed to Plaintiff's known trafficker(s) or known associates of Plaintiff's trafficker(s), except as provided in subsection (m) below;

(m)     The Plaintiff's trafficker(s) and/or known associates of Plaintiff's trafficker(s), as well as the counsel for these individuals, but only to the extent necessary to assist

in their recollection of Plaintiff, her history, and her trafficking, and as set forth in the following procedure:

(i)     A Defendant shall notify Plaintiff of its intention to disclose Plaintiff's Confidential True Identity information to a person identified as Plaintiff's trafficker or trafficker's associate prior to making the disclosure;

(ii)    Plaintiff will thereafter have fourteen (14) days from the date of the Defendant's notification to file a further motion for protective order regarding a Defendant's anticipated contact with her trafficker or trafficker's associate, if necessary and after conference with Defendants;

(iii)   In the event Plaintiff files a further motion for protective order governing a Defendant's anticipated contact with the located person, Defendants must await this Court's order prior to disclosing Plaintiff's Confidential True Identity information to the trafficker or trafficker's associate;

(iv)    If, after fourteen (14) days from the notification, Plaintiff does not seek further protection from the Court, Defendants may disclose Plaintiff's Confidential True Identity information to the trafficker or trafficker's associate; provided, however, that Defendants will not disclose the physical location of Plaintiff and Plaintiff's family to Plaintiff's trafficker(s), the associates of the trafficker(s), or the counsel for these individuals.

(n)     Except as provided in this Stipulated Protective Order or by written order of the Court, a person entitled to know Plaintiff's Confidential True Identity under this Stipulated Protective Order shall not divulge that information to anyone beyond the persons identified above. If the Parties believe they have good cause to make a disclosure that is not authorized under the terms of this Stipulated Protective Order, they may bring a motion to the Court for an order allowing disclosure. Before filing a contested motion, the parties shall first meet and confer, and if they

reach agreement, they may submit a stipulated motion to the Court requesting such an order.

10.3. <u>Disclosure of Confidential Information or Items</u>.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

(a)     The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel;

(e)     Court reporters and their staff;

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

(g)     Insurers and indemnitors for any of the Parties, including coverage counsel for the insurers, who may provide indemnity or other coverage in connection with claims asserted in this case;

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i)     During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary; provided that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(j)     any mediator who has been appointed by the Court or jointly selected by the Parties

13

to preside over mediation of this matter, and any of their staff to whom disclosure is reasonably necessary; and

(k)     such other persons as may be designated by written agreement in this action or by order of the Court, so long as such persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

10.4. Disclosure of "Highly Confidential" Information or Items:

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as Highly Confidential only to:

(a)     the Receiving Party's counsel of record in this action, as well as employees of counsel and contract attorneys of counsel who have been assigned work in this matter and to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts, investigators, and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     The Court and its personnel;

(d)     Court reporters and their staff;

(e)     Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A), provided that the Party retaining the professional jury or trial consultants, mock jurors, and professional vendors instructs those individuals and/or entities not to disclose any Highly Confidential material to third parties or to the officers, directors, and employees (including In-House Counsel) of any Party and to immediately return all originals and copies of any Highly Confidential material;

(f)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

14

(g)      any mediator who has been appointed by the Court or jointly selected by the Parties to preside over mediation of this matter, and any of their staff to whom disclosure is reasonably necessary, provided that these individuals sign the "Acknowledgment and Agreement to be Bound" (Exhibit A); and

(h)      such other persons as may be designated by written agreement in this action or by order of the Court, so long as such persons execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

Nothing herein shall permit any Party or Nonparty to disclose or provide any Highly Confidential information or items to the officers, directors, and employees (including In-House Counsel) of any Party, except those associated with the Designating Party that produced the Highly Confidential information or items.

## 11. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Confidential True Identity, Confidential or Highly Confidential, that Party must:

(a)      Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)      Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)      Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential True Identity, Confidential, or Highly Confidential before a determination by the Court from which the

15

subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**12. A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

12.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as Confidential True Identity, Confidential or Highly Confidential. Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

12.2. Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a)     Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b)     Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)     Make the information requested available for inspection by the Nonparty, if requested.

12.3. Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the

16

Nonparty's confidential information responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court. Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

13. **<u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

14. **<u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

15. **<u>GENERATIVE ARTIFICIAL INTELLIGENCE</u>**

"Generative Artificial Intelligence" means any software, model, or service that accepts natural language or other inputs and generates outputs (*e.g.*, text, code, images, audio, or video)

using statistical or machine-learning techniques; a "Public Generative AI Tool" means any consumer-available or general-access tool whose provider may retain, access, review, disclose, or use user inputs or outputs, including to train or improve models, or whose personnel or third parties may access such data (*e.g.*, consumer instances of ChatGPT, Gemini/Bard, Claude, Copilot, and similar services, regardless of user-selected settings); and a "Private Generative AI Tool" means an enterprise, on-premises, or dedicated-instance deployment used under a written agreement that bars the provider from using inputs/outputs for training or product improvement for others, provides data isolation so inputs/outputs are not accessible to other customers, and implements commercially reasonable security (including access controls, encryption in transit and at rest, and audit logging).  No party, counsel, vendor, consultant, expert, witness, or other person subject to this Protective Order may input, upload, paste, transcribe, summarize, describe, or otherwise disclose any Confidential Information or Highly Confidential Information, or any derivative sufficient to reveal such content, into any Public Generative AI Tool.  Confidential Information may be used with a Private Generative AI Tool only if the foregoing conditions are satisfied, access is limited to authorized users bound by this ESI Order and the Protective Order, and transmissions and storage are encrypted; otherwise such use requires the designating party's written consent or a court order. Parties must disable or configure embedded "assistive" AI features in software and browsers to prevent transmission of Confidential Information to Public Generative AI Tools, and any actual or suspected disclosure or non-compliant use must be promptly reported in writing to the designating party with reasonable mitigation and cooperation on remediation.

### 16. <u>MISCELLANEOUS</u>

15.1. <u>Right to Further Relief</u>.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

15.2. <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it

otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Stipulated Protective Order.

15.3. <u>Filing Protected Material</u>.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 17. **<u>FINAL DISPOSITION</u>**

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all materials designated as Confidential or Highly Confidential to the Designating Party or destroy such material. As used in this subdivision, "all materials designated as Confidential or Highly Confidential" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the materials designated as Confidential or Highly Confidential. Whether the materials designated as Confidential or Highly Confidential are returned or destroyed, the Receiving Party must submit a written certification to the Designating Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the materials designated as Confidential or Highly Confidential that were returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the materials designated as Confidential or Highly Confidential. Notwithstanding this provision, Outside Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Confidential or Highly Confidential information. Any such archival copies

that contain or constitute Confidential or Highly Confidential information remain subject to this Stipulated Protective Order.

### 18. <u>VIOLATION</u>

In the event that any Party or Nonparty violates the terms of this Confidentiality Order, the aggrieved Producing Party or Designating Party may apply to the Court to obtain relief against any such Party or Nonparty. In the event that the aggrieved Producing Party or Designating Party seeks injunctive relief, it must direct the petition for such relief to this Court. The Parties and any other person subject to the terms of this Confidentiality Order shall be subject to the Court's jurisdiction for the purpose of enforcing this Confidentiality Order.

**DONE and ORDERED** on this 26th day of November, 2025.

_____
ENJOLIQUÉ A. LETT
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [*full name*], of _____

_____[*address*], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order Governing Production of Confidential Information

and Disclosure of Plaintiff's True Identity ("Stipulated Protective Order") that was issued by the

United States District Court Southern District of Florida on _____[*date*] in the

case of *S.W. v. Tropical Paradise Resorts, LLC, et al.*, No. 0:25–CV–60771–ALTMAN–

AUGUSTIN-BIRCH. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could expose me

to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose

in any manner any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of United States District Court Southern District

of Florida for the purpose of enforcing the terms of this Stipulated Protective Order, even if such

enforcement proceedings occur after termination of this action.

Signature: _____

Printed name: _____

Date: _____

City and State where sworn and signed: _____

21