**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25–CV–60771–ALTMAN-LETT**

S.W.,

    Plaintiff,

    v.

TROPICAL PARADISE RESORTS,
LLC, *et al.,*

    Defendants.

**DEFENDANT CHOICE HOTELS INTERNATIONAL, INC.'S**
**ANSWER TO AMENDED COMPLAINT**

Defendant Choice Hotels International, Inc. ("Choice") answers Plaintiff S.W.'s ("Plaintiff" or "S.W.") Amended Complaint (ECF No. 19) as follows:

**INTRODUCTION**

1. Choice admits that Plaintiff has filed the instant lawsuit. The allegations in this Paragraph constitute legal argument to which no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves. To the extent a response is required, Choice denies that Plaintiff is entitled to any recovery or relief, denies any implication of wrongdoing, and denies any remaining allegations in this Paragraph.

2. The allegations in this Paragraph constitute legal argument to which no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves. To the extent the allegations are directed at Choice and a response is required, Choice denies them.

3. The allegations in this Paragraph are not directed to Choice, and this Paragraph constitutes argument, and no response is required. To the extent this Paragraph is directed to

1

Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations, and therefore, denies them.

4. The allegations in this Paragraph are not solely directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

5. The allegations in this Paragraph are not solely directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

6. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

7. The allegations in this Paragraph constitute legal argument to which no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves. To the extent a response is required, the allegations in this Paragraph are denied.

8. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

9. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

10. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

11. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

12. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

13. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

14. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a

response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

15. This Paragraph constitutes argument and does not appear to be solely directed to Choice, and no response is required. To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent the allegations are directed to Choice and a response required, the allegations in this Paragraph are denied. Further, to the extent this Paragraph intends to refer to specific franchise contractual provisions, those speak for themselves.

16. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

17. Choice admits that Plaintiff has filed the instant lawsuit. The allegations in this Paragraph constitute legal argument to which no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves. To the extent a response is required, Choice denies that Plaintiff is entitled to any recovery or relief, denies any implication of wrongdoing, and denies any remaining allegations in this Paragraph.

18. The allegations in this Paragraph constitute legal argument to which no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves. To the extent a response is required, the allegations in this Paragraph are denied.

19. Choice admits that Plaintiff has included in this action a count for common law premises liability. To the extent a further response is required, Choice denies that Plaintiff is

4

entitled to any recovery or relief, denies any implication of wrongdoing, and denies any remaining allegations in this Paragraph.

## JURISDICTION AND VENUE

20.     The allegations in this Paragraph constitute legal argument to which no response is required.  Further, the allegations in this Paragraph reference a statute which speaks for itself.  To the extent a response is required, the allegations in this Paragraph are denied.

21.     The allegations in this Paragraph constitute legal argument to which no response is required.  Further, the allegations in this Paragraph reference a statute which speaks for itself.  To the extent a response is required, the allegations in this Paragraph are denied.

## PARTIES

22.     This Paragraph does not appear to be directed to Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

23.     This Paragraph constitutes legal argument and does not appear to be directed at Choice, therefore no response is required.  Further, the statute referenced speaks for itself.  To the extent any allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

24.     This Paragraph constitutes legal argument and does not appear to be directed at Choice, therefore no response is required.  Further, the statute referenced speaks for itself.  To the extent any allegations are directed at Choice and a response is required, Choice lacks sufficient

knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

25.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

26.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

27.     Choice admits that Choice Hotels International, Inc. is a Delaware corporation with its principal place of business in Rockville, Maryland, and that Choice is authorized to, licensed to, and does business in Florida as franchisor for Rodeway Inn & Suites®. Choice admits that it operates as a franchisor but denies that it owned, operated, managed, or controlled the subject hotel. Choice further denies that any franchisee, management company, or hotel personnel were its agents for purposes of the conduct alleged and denies any right to control the day-to-day operations of the hotel. Choice denies the remaining allegations in this Paragraph.

28.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

<strong>SEX TRAFFICKING UNDER FEDERAL LAW</strong>

29.     The allegations in this Paragraph do not appear to be directed to Choice, therefore no response is required. Also, the allegations constitute legal arguments to which no response is

required.  Further, the statute referenced speaks for itself. To the extent a response is required, Choice denies the allegations in this Paragraph.

30.     The allegations in this Paragraph do not appear to be directed to Choice, therefore no response is required. Also, the allegations constitute legal arguments to which no response is required.  Further, the statutes referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph.

31.     The allegations in this Paragraph do not appear to be directed to Choice, therefore no response is required. Also, the allegations constitute legal arguments to which no response is required.  Further, the statutes referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph.

32.     The allegations in this Paragraph do not appear to be directed to Choice, therefore no response is required. Also, the allegations constitute legal arguments to which no response is required.  Further, the statutes referenced speak for themselves. To the extent a response is required, Choice denies the allegations in this Paragraph.

## STATEMENT OF FACTS

### I.     S.W. and Her Alleged Trafficker, Steven Charles Joseph

33.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.  To the extent the bolded heading above constitutes factual allegations, Choice denies them.

34.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

35.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

36.     The allegations in this Paragraph constitute argument and are not solely directly to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the remaining allegations in this Paragraph are denied.

37.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

38.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

39.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

40.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

41.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

42.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

43.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

44.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

45.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

46.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

47.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

48.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

49.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

50.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

51.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

52.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

53.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

54.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

55.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

56.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

57.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

58.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

59.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

## II.     Defendants' Alleged Duty of Care to Patrons

60.     The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required as to those allegations not directed to Choice. Also, the allegations constitute legal arguments to which no response is required.  Further, the statutes referenced speak for themselves. To the extent a response is required, Choice admits that it is the franchisor for the subject Rodeway Inn & Suites® and Choice admits that it operates as a franchisor but denies that it owned, operated, managed, or controlled the subject hotel. Choice further denies that any franchisee, management company, or hotel personnel were its agents for purposes of the conduct alleged and denies any right to control the day-to-day operations of the hotel. Choice denies the remaining allegations in this Paragraph.

61.     The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required as to those allegations not directed to Choice. Also, the allegations constitute legal arguments to which no response is required.  Further, the statutes referenced speak for themselves. To the extent a response is required, Choice admits that it is the franchisor for the subject Rodeway Inn & Suites® and Choice admits that it operates as a franchisor but denies that it owned, operated, managed, or controlled the subject hotel. Choice further denies that any franchisee, management company, or hotel personnel were its agents for purposes of the conduct alleged and denies any right to control the day-to-day operations of the hotel. Choice denies the remaining allegations in this Paragraph.

62.     The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required as to those allegations not directed to Choice. To the extent a response is required, Choice admits that it is the franchisor for the subject Rodeway Inn & Suites® and Choice admits that it operates as a franchisor but denies that it owned, operated, managed, or controlled the subject hotel. Choice further denies that any franchisee, management company, or hotel personnel were its agents for purposes of the conduct alleged and denies any right to control the day-to-day operations of the hotel. Choice denies the remaining allegations in this Paragraph.

63.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required. To the extent a response is required, Choice admits that it is the franchisor for the subject Rodeway Inn & Suites® and Choice admits that it operates as a franchisor but denies that it owned, operated, managed, or controlled the subject hotel. Choice further denies that any franchisee, management company, or hotel personnel were its agents for purposes of the conduct alleged and denies any right to control the day-to-day operations of the hotel. Choice denies the remaining allegations in this Paragraph. Choice asserts

a lack of sufficient knowledge to admit or deny the remaining allegations, and therefore denies them.

64.     The allegations in this Paragraph are not solely directed to Choice and this Paragraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

65.     The allegations in this Paragraph are not solely directed to Choice and this Paragraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

66.     The allegations in this Paragraph are not solely directed to Choice and this Paragraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

**III.     Defendants' Alleged Knowledge of their Alleged Participation**

67.     This Paragraph constitutes argument and does not appear to be solely directed to Choice, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent the allegations are directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.  To the extent the bolded heading above constitutes factual allegations, Choice denies them.

68.     This Paragraph constitutes argument and does not appear to be directed to Choice, therefore no response is required.  To the extent this Paragraph references materials outside this

Complaint, such materials speak for themselves and no response is required.  To the extent the allegations are directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

69.     This Paragraph constitutes argument and does not appear to be directed to Choice, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent the allegations are directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

70.     This Paragraph constitutes argument and does not appear to be directed to Choice, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent the allegations are directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

71.     This Paragraph constitutes argument and does not appear to be directed to Choice, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent the allegations are directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

72.     The allegations in this Paragraph are not solely directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

73.     The allegations in this Paragraph are not solely directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

74.     The allegations in this Paragraph are not solely directed to Choice, and no response is required. To the extent the allegations are directed to Choice, the allegations constitute legal conclusions, and no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

75.     The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required as to those allegations not directed to Choice. Also, the allegations constitute legal arguments to which no response is required.  Further, the statutes referenced speak for themselves. To the extent a response is required, Choice admits that it is the franchisor for the subject Rodeway Inn & Suites® and Choice admits that it operates as a franchisor but denies that it owned, operated, managed, or controlled the subject hotel. Choice further denies that any franchisee, management company, or hotel personnel were its agents for purposes of the conduct alleged and denies any right to control the day-to-day operations of the hotel. Choice denies the remaining allegations in this Paragraph.

76.     This Paragraph constitutes argument and does not appear to be directed to Choice, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent the

15

allegations are directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

77.     This Paragraph constitutes argument and does not appear to be directed to Choice, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent the allegations are directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

78.     This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

79.     This Paragraph constitutes legal argument, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.

80.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

81.     The allegations in this Paragraph and its subparts are not solely directed to Choice and this Paragraph and its subparts constitute legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph and its subparts are denied.

a.   The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

b.   The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

c.   The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

d.   The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

e.   The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks

17

sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

f. The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

g. The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

h. The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

i. The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

j.  The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

k.  The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

l.  The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

m.  The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

n.  The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks

sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

o.   The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

p.   The allegations in this Subparagraph are not solely directed to Choice and the Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

82.   The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

83.   The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

84.   The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are

20

directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

85.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

86.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

87.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

88.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

89.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

90. The allegations in this Paragraph constitute argument and are not solely directly to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the remaining allegations in this Paragraph are denied.

91. The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

92. The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

93. The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

94. The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

95. The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are

directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

## IV.    Choice's Alleged Knowledge

96.    This Paragraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice admits that it is aware that sex trafficking exists, and Choice denies the remaining allegations in this Paragraph. To the extent the bolded heading above constitutes factual allegations, Choice denies them.

97.    This Paragraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this paragraph are denied.

98.    This Paragraph (including its accompanying bullet points) constitutes argument, therefore no response is required. To the extent this Paragraph (including its accompanying bullet points) references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Paragraph (including its accompanying bullet points) is directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph (including its accompanying bullet points) are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

99.    This Paragraph (including its accompanying bullet points) constitutes argument, therefore no response is required.  To the extent this Paragraph (including its accompanying bullet points) references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Paragraph (including its accompanying bullet points) is directed to Choice and a response is required, Choice lacks sufficient knowledge to admit or deny

the allegations. Accordingly, the allegations in this Paragraph (including its accompanying bullet points) are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

100.     This Paragraph and its subparts constitute legal argument to which no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph and its subparts are denied. To the extent any allegations in this Paragraph or its subparts are intended to be attributed to Choice, Choice expressly denies them.

a.     This Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Subparagraph are denied.

b.     This Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Subparagraph are denied.

c.     This Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Subparagraph are denied.

d.     This Subparagraph constitutes legal argument, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks

24

sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Subparagraph are denied.

101.    This Paragraph constitutes legal argument, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Paragraph is directed to Choice and a response is required, Choice denies the allegations. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

**V.      Alleged Trafficking at Rodeway Inn & Suites®**

102.    The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice denies the allegations in this Paragraph.  To the extent the bolded heading above constitutes factual allegations, Choice denies them.

103.    The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice denies the allegations in this Paragraph.

104.    The allegations in this Paragraph (including its accompanying bullet points) are not solely directed to Choice and this Paragraph constitutes argument, therefore no response is required.  To the extent this Paragraph (including its accompanying bullet points) references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Paragraph (including its accompanying bullet points) is directed to Choice and a response is required, Choice denies the allegations.

**VI.     The Alleged Sex Trafficking of Plaintiff S.W. at Rodeway Inn & Suites®**

105.     The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent the bolded heading above constitutes factual allegations, Choice denies them. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

106.     The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

107.     The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

108.     This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

26

109.     This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

110.     The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required as to those allegations not directed to Choice. Also, the allegations constitute legal arguments to which no response is required.  To the extent a response is required, Choice admits that it is the franchisor for the subject Rodeway Inn & Suites® and Choice admits that it operates as a franchisor but denies that it owned, operated, managed, or controlled the subject hotel. Choice further denies that any franchisee, management company, or hotel personnel were its agents for purposes of the conduct alleged and denies any right to control the day-to-day operations of the hotel. Choice denies the remaining allegations in this Paragraph. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

111.     This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

112.     The allegations in this Paragraph and its subparts are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks

sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph and its subparts are denied. To the extent any allegations in this Paragraph and subparts are intended to be attributed to Choice, Choice expressly denies them.

a.　The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

b.　The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

c.　The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

d.　The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

e.　The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

f. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

g. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

h. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

113. The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

114. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

115. The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

116. The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

117. The allegations in this Paragraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

118. The allegations in this Paragraph and its subparts are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph and its subparts are denied. To the extent any allegations in this Paragraph and subparts are intended to be attributed to Choice, Choice expressly denies them.

    a. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice,

Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

b.  The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

c.  The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

d.  The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

e.  The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

f.  The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

g.   The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

h.   The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

i.   The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

j.   The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

k.   The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

l.   The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice,

Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

m. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

n. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

o. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

p. The allegations in this Subparagraph are not directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

119. This Paragraph and its subparts constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph and subparts are intended to be attributed to Choice, Choice expressly denies them.

a. This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

b. This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

c. This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

d. This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

e. This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

120. This Paragraph and its subparts constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any

allegations in this Paragraph and subparts are intended to be attributed to Choice, Choice expressly denies them.

a.    This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

b.    This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

c.    This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

d.    This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

e.    This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

      f.      This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

      g.      This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

      h.      This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

      i.      This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied. Accordingly, the allegations in this Subparagraph are denied.

121. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

122. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice

and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

123.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

124.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

125.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

126.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

127.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

128.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

129.    The allegations in this Paragraph are not solely directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

130.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

131.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

132.    To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

133. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

134. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

135. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

136. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

137. This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required. To the extent the allegations are directed at Choice and a response is required, those allegations are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

**VII.   Israel "Izzy" Fintz Agency Allegations**

39

138.     Choice denies that Israel "Izzy" Fintz was its agent, employee, or representative. Choice further denies that it employed, supervised, controlled, or had the right to control Fintz or any on-site personnel at the subject hotel. Choice denies that any franchisee, management company, or hotel employee acted on its behalf or within the scope of any agency relationship, and denies any remaining allegations in this Paragraph. The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied. To the extent the bolded heading above constitutes factual allegations, Choice denies them.

139.     The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

140.     To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required.  To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

141.     This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, those allegations are denied.

142.     The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

143.    The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

144.    The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

145.    The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

146.    The allegations in this Paragraph constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

147.    The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

148.    The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

149.	The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

150.	The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

151.	The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

152.	The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

153.	The allegations in this Paragraph are not directed to Choice, therefore no response is required.  To the extent any allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

## VIII.	Choice's Alleged Control and Alleged Duty

154.	Choice admits that it entered into a Franchise Agreement, the terms of which speak for themselves. Choice further admits that it operates as a franchisor providing brand standards and system-wide policies entitled as "Rules and Regulations". Choice expressly denies that it retained or exercised control over the day-to-day operations of the subject hotel, including but not limited to staffing, hiring, supervision, security, guest interactions, or law enforcement decisions. Choice further denies that any such brand standards or franchise requirements constitute operational control. Choice denies that it had the ability or authority to control the manner and

means of the hotel's operations and denies any remaining allegations in this Paragraph. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph. To the extent the bolded heading above constitutes factual allegations, Choice denies them.

155.    This Paragraph constitutes argument, therefore no response is required. To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required.

156.    To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

157.    To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

158.    To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

159. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

160. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

161. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

162. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

163. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

164. This Paragraph constitutes argument, therefore no response is required. To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent a response is required, Choice denies the

allegations in this Paragraph.  To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required.

165.     This Paragraph constitutes legal argument, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.  To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required.

**IX.     Choice's Alleged Participation in a Venture**

166.     Choice denies that it participated in any venture with Plaintiff's alleged trafficker or any co-defendant within the meaning of 18 U.S.C. § 1595. Choice denies the existence of any agreement, common undertaking, or shared purpose with any alleged trafficker. Choice further denies that it took any action to assist, support, facilitate, or otherwise participate in any alleged trafficking activity and denies any remaining allegations in this Paragraph. This Paragraph constitutes legal argument, therefore no response is required.  To the extent this Paragraph references materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph.  To the extent the bolded heading above constitutes factual allegations, Choice denies them.

167.     This Paragraph and its subparts constitute legal argument to which no response is required.  To the extent a response is required, Choice denies the allegations in this Paragraph and its subparts.  To the extent this Paragraph and its subparts reference materials outside this Complaint, such materials speak for themselves and no response is required.  To the extent this

Paragraph and its subparts intend to reference specific contractual documents, those speak for themselves and no response is required.

a.   This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

b.   This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

c.   This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

d.   This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this

46

Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

e. This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

f. This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

g. This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

h. This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations.

47

To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

i.      This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

j.      This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

k.      This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

l.     This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

m.     This Subparagraph constitutes legal argument, therefore no response is required. To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

168.    To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. The allegations do not appear to be solely directed at Choice, therefore no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

169.    To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent any additional response is required, this Paragraph constitutes legal argument and no response is required, and Choice denies the remaining allegations in this Paragraph.

170.    This Paragraph and its subparts constitute legal argument to which no response is required. To the extent a response is required, Choice denies the allegations in this Paragraph and

49

its subparts.   To the extent this Paragraph and its subparts reference materials outside this Complaint, such materials speak for themselves and no response is required.   To the extent this Paragraph and its subparts intend to reference specific contractual documents, those speak for themselves and no response is required.

     a.     This Subparagraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

     b.     This Subparagraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

     c.     This Subparagraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

d.      This Subparagraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

e.      This Subparagraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

f.      This Subparagraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required. To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

g.      This Subparagraph constitutes legal argument, therefore no response is required.  To the extent a response is required, Choice denies the allegations. To the extent this Subparagraph references materials outside this Complaint, such materials speak for themselves and no response is required.

To the extent this Subparagraph intends to reference specific contractual documents, those speak for themselves and no response is required.

## X.      Defendants' Alleged Knowing Benefit

171.      This Paragraph and its subparts constitute legal argument and do not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed at Choice and a response is required, those allegations are denied.  To the extent the bolded heading above constitutes factual allegations, Choice denies them.

    a.      This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied.  Accordingly, the allegations in this Subparagraph are denied.

    b.      This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied.  Accordingly, the allegations in this Subparagraph are denied.

    c.      This Subparagraph constitutes legal argument and does not appear to be solely directed at Choice, therefore no response is required.  To the extent the allegations are directed to Choice, those allegations are denied.  Accordingly, the allegations in this Subparagraph are denied.

172.      This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent the

allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

173.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

174.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

175.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

176.    This Paragraph constitutes legal argument and does not appear to be solely directed at Choice, and no response is required. To the extent the allegations are directed at Choice and a response is required, Choice lacks sufficient knowledge to admit or deny them, and therefore, denies them.

177.    The allegations in this Paragraph and its subparts are not directed solely to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph and its subparts are denied.

a.  This Subparagraph is not directed solely to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

b.  This Subparagraph is not directed solely to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

c.  This Subparagraph is not directed solely to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

d.  This Subparagraph is not directed solely to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Subparagraph are denied.

178.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

179.  This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to

Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

180.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

## XI.    Defendants' Alleged Willful Blindness

181.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

182.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

183.    The allegations in this Paragraph and its subparts are not solely directed to Choice and this Paragraph and its subparts constitute argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and its subparts. Accordingly, the allegations in this Paragraph and its subparts are denied. To the extent any allegations in this Paragraph and subparts are intended to be attributed to Choice, Choice expressly denies them.

a. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

b. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

c. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

d. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

e. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

f.      The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

g.      The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

h.      The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

184.    The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

185.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

186.    The allegations in this Paragraph and its subparts are not solely directed to Choice and this Paragraph, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and its subparts. Accordingly, the allegations in this Paragraph and its subparts are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

      a.     The allegations in this Subparagraph are not solely directed to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

      b.     The allegations in this Subparagraph are not solely directed to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

      c.     The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

d.      The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

e.      The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

f.      The allegations in this Subparagraph are not solely directed to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

187.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

188.    The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

189.    The allegations in this Paragraph do not appear to be solely directed to Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. To the extent this Paragraph intends to reference specific contractual documents, those speak for themselves and no response is required. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

190.    The allegations in this Paragraph and its subparts are not solely directed to Choice and this Paragraph and its subparts constitute argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and its subparts. Accordingly, the allegations in this Paragraph and its subparts are denied. To the extent any allegations in this Paragraph and subparts are intended to be attributed to Choice, Choice expressly denies them.

   a.    The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

b.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

c.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

d.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

e.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

f.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

g.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

h.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

i.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

j.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

191. This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied. To the extent any allegations in this Paragraph are intended to be attributed to Choice, Choice expressly denies them.

## CAUSES OF ACTION

192. This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

193. This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

194. This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

195. This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

196.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

197.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

198.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

199.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

200.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

201.     The allegations in this Paragraph and its subparts are not solely directed to Choice and this Paragraph and its subparts constitute argument, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations

in this Paragraph and its subparts.  Accordingly, the allegations in this Paragraph and its subparts are denied.

a.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

b.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

c.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

d.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

e. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

f. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

g. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

h. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

i. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

j.    The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

k.    The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

l.    The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

m.    The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

n.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

202.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

203.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

204.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

205.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

206.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

**COUNT I**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA"):**
**PERPETRATOR LIABILITY**
**(Against All Defendants)**

207.    Choice incorporates its prior paragraphs.

208.    The allegations in this Paragraph constitute legal argument to which no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

209.    The allegations in this Paragraph constitute legal argument to which no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

210.    The allegations in this Paragraph and its subparts are not solely directed to Choice and this Paragraph and its subparts constitute argument, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and its subparts.  Accordingly, the allegations in this Paragraph and its subparts are denied.

    a.    The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

69

admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

b. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

c. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

d. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

e. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

f.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

g.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

h.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

i.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

j.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

k.  The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

211.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

212.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

213.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

214.  This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

215.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

216.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

217.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

218.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

219.     This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

220.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

221.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

To the extent any allegation in the Amended Complaint is not expressly admitted herein, Choice denies each and every such allegation, including any characterization of facts, legal conclusions, or implied allegations not specifically addressed.

WHEREFORE, Choice denies each and every allegation in the Complaint, whether express or implied, that Choice has not expressly and unequivocally admitted in this Answer.  Choice prays that they be discharged from this action with reasonable costs of Court and such further relief as the Court may deem appropriate.

**COUNT II**
**VIOLATION OF 18 U.S.C. § 1595 ("TVPRA"):**
**BENEFICIARY LIABILITY**
**(Against All Defendants)**

222.    Choice incorporates its prior paragraphs.

223.    The allegations in this Paragraph constitute legal argument to which no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves

and no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

224.	The allegations in this Paragraph constitute legal argument to which no response is required.  Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required.  To the extent a response is required, the allegations in this Paragraph are denied.

225.	The allegations in this Paragraph and its subparts are not solely directed to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and its subparts.  Accordingly, the allegations in this Paragraph and its subparts are denied.

    a.	The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

    b.	The allegations in this Subparagraph are not directed to Choice, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

    c.	The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph.  Accordingly, the allegations in this Subparagraph are denied.

d.      The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

226.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied

227.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied

228.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied

229.    The allegations in this Paragraph and its subparts are not solely directed to Choice and this Paragraph and its subparts constitute argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Paragraph and its subparts. Accordingly, the allegations in this Paragraph and its subparts are denied.

a.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

b.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

c.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

d.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

e.   The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

f. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

g. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

h. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

i. The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

j.      The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

k.      The allegations in this Subparagraph are not solely directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

230.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

231.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

232.    This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

233. This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

234. This Paragraph constitutes legal argument and does not appear to be directed solely toward Choice, therefore no response is required. Further, the allegations in this Paragraph reference statutes which speak for themselves and no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

To the extent any allegation in the Amended Complaint is not expressly admitted herein, Choice denies each and every such allegation, including any characterization of facts, legal conclusions, or implied allegations not specifically addressed.

WHEREFORE, Choice denies each and every allegation in the Complaint, whether express or implied, that Choice has not expressly and unequivocally admitted in this Answer. Choice prays that they be discharged from this action with reasonable costs of Court and such further relief as the Court may deem appropriate.

## COUNT III
## PREMISES LIABILITY
### (Against Defendants Tropical Paradise Resorts, LLC d/b/a Rodeway Inn & Suites® and EZ Hospitality, LLC)

235. Choice incorporates its prior paragraphs.

236. This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

80

237.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

238.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

239.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

240.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

241.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

242.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to

Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

243. This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

244. This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

245. This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

246. This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

247. This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

248.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

249.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

250.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

251.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph are denied.

252.    This Paragraph and its subparts constitute legal argument and do not appear to be directed toward Choice, therefore no response is required.  To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations.  Accordingly, the allegations in this Paragraph and its subparts are denied.

      a.    The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required.  To the extent a response is required, Choice lacks sufficient knowledge to

admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

b. The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

c. The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

d. The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

e. The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

f.      The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

g.      The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

h.      The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

i.      The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

j.      The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to

85

admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

      k.      The allegations in this Subparagraph are not directed to Choice, and this Subparagraph constitutes argument, therefore no response is required. To the extent a response is required, Choice lacks sufficient knowledge to admit or deny the allegations in this Subparagraph. Accordingly, the allegations in this Subparagraph are denied.

253.    This Paragraph constitutes legal argument and does not appear to be directed toward Choice, therefore no response is required. To the extent the allegations are directed to Choice, Choice lacks sufficient knowledge to admit or deny the allegations. Accordingly, the allegations in this Paragraph are denied.

WHEREFORE, Choice denies each and every allegation in the Complaint, whether express or implied, that Choice has not expressly and unequivocally admitted in this Answer. Choice prays that they be discharged from this action with reasonable costs of Court and such further relief as the Court may deem appropriate.

## DEFENSES

Choice hereby reserves the right to raise any additional defenses, cross-claims, and third-party claims not asserted herein of which it may become aware through discovery or other investigation. Choice further reserves the right to amend or supplement these defenses based on information obtained through discovery.

### FIRST DEFENSE

Plaintiff's claims are barred by the express terms of the Franchise Agreement, which allocate day to day control, staffing, security, and operations exclusively to the franchisee.

**SECOND DEFENSE**

The total and/or comparative fault and/or gross negligence and/or intentional misconduct of Plaintiff acts as a complete or partial bar to her claims to the extent of and commensurate with the nature and scope of all such fault and neglect.

**THIRD DEFENSE**

The Complaint, and the cause of action therein, fails to state a claim upon which relief can be granted. Choice filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 45.) Choice recognizes that the Court entered an Order denying this Motion. (Doc. No. 96.) Nonetheless, Choice hereby incorporates, as if set forth fully herein, its Motion to Dismiss and its associated Memorandum of Law In Support Of Its Motion to Dismiss to preserve each and every argument provided therein. By not addressing a specific argument previously contained in its Motion to Dismiss, Choice does not waive the same.

**FOURTH DEFENSE**

The Complaint, and the cause of action therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were the result of superseding and/or intervening acts of parties over whom Choice has no right of control.

**FIFTH DEFENSE**

The Complaint, and the cause of action therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Choice, including other parties in this case and/or third parties under the principles of equitable allocation, recoupment, set-off, collateral source, proportionate responsibility, contribution among

tortfeasors, and/or comparative fault, as well as any defenses, terms, and/or provisions under Florida law or federal law.

## SIXTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part insofar as Plaintiff's injuries, if any, were the result of intentional acts attributable to third parties.

## SEVENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because, insofar as any of the alleged acts or omissions were committed by Choice's agents or employees, those agents or employees were not acting within the scope of the authority conferred or subsequently ratified by Choice.

## EIGHTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because Choice's action or conduct was not the proximate cause of Plaintiff's alleged injuries.

## NINTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part insofar as reasonable steps were not taken to mitigate damages or if Plaintiff failed to mitigate her damages.

## TENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because of the applicable statutes of limitations and/or repose.

## ELEVENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part by the doctrines of waiver and/or estoppel.

## TWELFTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

## THIRTEENTH DEFENSE

Choice's investigation in this matter has just begun and it is possible that the Complaint, and each cause of action therein, is barred in whole or in part if Plaintiff was the sole legal cause of the injuries and damages alleged in the Complaint and, if so, Plaintiff is barred from recovery as a matter of law. Choice reserves the right to amend or supplement these defenses based on information obtained through discovery. Alternatively, it is possible that Plaintiff was comparatively negligent and, if so, any recovery in favor of Plaintiff must be reduced by the percentage of fault attributable to Plaintiff.

## FOURTEENTH DEFENSE

Choice's investigation in this matter has just begun and it is possible that the claims set forth in the Complaint are barred, in whole or in part, by the doctrines of assumption of risk and comparative negligence. Choice reserves the right to amend or supplement these defenses based on information obtained through discovery. Plaintiff's alleged injuries, harm, and/or damages may have been proximately caused or contributed to by Plaintiff's own conduct and/or the conduct of others not a party to this action.

## FIFTEENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because Choice had no prior or adequate notice of the condition complained of by Plaintiff and liability may not be imposed absent such notice.

## SIXTEENTH DEFENSE

The Complaint, and the cause of action therein, is barred in whole or in part because there is no causal connection between any alleged act, error, or omission by Choice and Plaintiff's alleged damages.

## SEVENTEENTH DEFENSE

Choice's investigation in this matter has just begun and it is possible that the Complaint, and the cause of action therein, is barred in whole or in part if Plaintiff willingly, knowingly, and voluntarily exposed herself to and assumed the risk. Choice reserves the right to amend or supplement these defenses based on information obtained through discovery.

## EIGHTEENTH DEFENSE

Plaintiff is barred from relief as sought in the Complaint because of the defense of accord and satisfaction.

## NINETEENTH DEFENSE

The doctrine of *in pari delicto* bars Plaintiff's claim.

## TWENTIETH DEFENSE

Plaintiff's claim is barred under the doctrine of laches.

## TWENTY-FIRST DEFENSE

Plaintiff lacks standing to bring her claims.

## TWENTY-SECOND DEFENSE

90

The unclean-hands doctrine bars Plaintiff's claims.

## TWENTY-THIRD DEFENSE

Plaintiff is seeking to recover damages that are completely speculative in nature and are wholly unsupported by admissible evidence or documentation.

## TWENTY-FOURTH DEFENSE

Plaintiff's claim is barred by intervening and/or superseding proximate cause(s) of others for which Choice owes no legal responsibility.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent she seeks to recover any damages, restitution, costs, or other payments that have been reimbursed, paid, or borne by other persons or entities. Any verdict or judgment that might be recovered must be reduced by those amounts that already have been or will in the future, with reasonable certainty, be paid to Plaintiff by others.

## TWENTY-SIXTH DEFENSE

The Complaint, and the cause of action therein, fails to establish that punitive damages are authorized or warranted under Florida or federal law, or that Choice or any other defendant acted with intentional or requisite conduct sufficient to justify the imposition of punitive damages under Florida or federal law. Punitive damages are not permitted under the TVPRA in these circumstances because Choice did not have actual knowledge and did not act wantonly or with reckless disregard.

## TWENTY-SEVENTH DEFENSE

Plaintiff cannot recover punitive damages under her claim because such claim is not viable as a matter of law and she cannot show the level of willfulness or

malice required to recover such damages. Plaintiff has failed to sufficiently plead punitive damages in the Complaint. The TVPRA does not include punitive damages. Plaintiff is not entitled to punitive damages. Further, any award of punitive damages against any Defendant would violate their due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the prohibition on excessive fines guaranteed by the Eighth Amendment to the United States Constitution.

Plaintiff's claims for punitive damages are also barred to the extent that they are based upon conduct unrelated to Plaintiff's alleged harm.

Plaintiff's punitive damages claims are barred to the extent that they are based upon conduct occurring outside the State of Florida.

Plaintiff's claims for punitive damages are barred because an award of punitive damages in this case would be impermissible multiple punishment in violation of the due process and equal protection rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## TWENTY-EIGHTH DEFENSE

Plaintiff's request for joint and several liability is improper and joint and several liability is not appropriate or available in this case.

## TWENTY-NINTH DEFENSE

Plaintiff's claims are barred because Choice did not have actual or constructive knowledge of any alleged trafficking as to Plaintiff. Plaintiff has not alleged and cannot establish that Choice knew or should have known of Plaintiff's alleged circumstances at the subject hotel. Plaintiff's statutory claims are further barred because Choice did not have actual or constructive knowledge of any specific alleged trafficking involving Plaintiff as required under 18 U.S.C. § 1595. Plaintiff

has not alleged facts showing that Choice knew or should have known of her alleged trafficking at the Rodeway Inn & Suites®, and the evidence will show no such knowledge existed.

## THIRTIETH DEFENSE

Plaintiff's TVPRA claims are barred because Choice did not knowingly participate in any "venture," commercial or otherwise, that violated 18 U.S.C. § 1591. Plaintiff's allegations fail to establish that Choice took part in, supported, or associated in fact with any alleged criminal trafficking venture.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred because the Franchise Agreement places day-to-day control exclusively with the alleged franchisee. The Agreement expressly disclaims any agency relationship and assigns operational, staffing, supervision, safety, and security responsibilities solely to the franchisee. Choice did not control or direct the hotel's operations and therefore cannot be liable under any agency, vicarious liability, or participation theory as a matter of law. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred because vicarious liability under the TVPRA does not include punitive damages.

## THIRTY-THIRD DEFENSE

Punitive damages are not permitted under vicarious liability under the TVPRA in these circumstances because Choice did not have actual knowledge, did not act wantonly or with reckless disregard, and did not authorize or encourage any other person or entity to act wantonly or with reckless disregard.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred because the alleged "commercial venture" fails as a matter of law; the TVPRA requires the venture itself to violate § 1591, and Plaintiff alleges at most ordinary commercial relationships such as franchising or sharing of royalties, which are insufficient.

## THIRTY-FIFTH DEFENSE

Plaintiff cannot establish the statutory requirement that Choice's conduct proximately caused her alleged trafficking or resulting harm. Plaintiff alleges no causal nexus between Choice's acts or omissions and any particular trafficking incident involving her.

## THIRTY-SIXTH DEFENSE

Plaintiff's claims are barred because Choice owed no legal duty to prevent, investigate, or intervene in the independent alleged criminal acts of third parties over whom it had no control. Choice owed no independent legal duty to investigate, prevent, detect, or disrupt criminal trafficking by third parties, including franchisee guests or employees.

## THIRTY-SEVENTH DEFENSE

Plaintiff's claims are barred to the extent they rely on conduct occurring outside Florida or outside the United States because the TVPRA does not apply extraterritorially absent explicit statutory authorization, and such application would violate due process.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they rely on generalized industry knowledge, anti-trafficking initiatives, or public studies rather than facts relating to Choice's actual knowledge or conduct with respect to Plaintiff or the Rodeway Inn & Suites®.

**THIRTY-NINTH DEFENSE**

Plaintiff lacks standing to seek injunctive or equitable relief because she cannot show a real and immediate threat of future harm.

**FORTIETH DEFENSE**

Plaintiff's claims barred in whole or in part because Plaintiff has not satisfied the pleading standards required under controlling federal law. Plaintiff has not alleged facts that, if accepted as true, would establish a plausible claim against Choice. Plaintiff relies on conclusory assertions, generalized allegations about the hotel industry, and speculative inferences that do not support a reasonable belief that Choice engaged in any conduct that could give rise to liability. The allegations do not meet the threshold necessary to state a claim that is facially plausible and therefore cannot support the relief sought by Plaintiff.

**FORTY-FIRST DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has not satisfied certain statutory conditions or prerequisites necessary to obtain the relief sought. To the extent Plaintiff seeks forms of relief that require compliance with statutory requirements connected to restitution, criminal proceedings, or conditions specified under applicable federal law, Plaintiff has not alleged facts showing that those conditions have been met. Plaintiff therefore cannot recover any category of relief that requires satisfaction of statutory prerequisites or formal processes not fulfilled in this case.

**FORTY-SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part because certain theories and categories of alleged wrongdoing do not create a private right of action under the TVPRA or any other applicable federal or state law. To the extent Plaintiff seeks to impose liability based on alleged failures to

adopt policies, alleged failures to train, alleged failures to monitor, alleged failures to change franchise practices, or alleged violations of internal standards or industry guidelines, no such duties are recognized as an independent basis for civil liability. Any claim predicated on obligations not created by statute or common law cannot support recovery.

## FORTY-THIRD DEFENSE

Plaintiff's claims are barred in whole or in part because the timeline alleged is inconsistent with Plaintiff's own whereabouts, legal status, or custodial status during the period in which she alleges she was trafficked at the Rodeway Inn & Suites®. To the extent discovery establishes that Plaintiff was not present at the locations, at liberty, or otherwise able to engage in the conduct alleged during the dates she asserts, Plaintiff cannot establish the factual predicate for her claims.

## FORTY-FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff has not established that she was present at the Subject Rodeway Inn & Suites® during the period she alleges she was trafficked there. Discovery may show that Plaintiff was detained, subject to court-ordered restrictions, or otherwise not located at or near the property during the alleged timeframe. Plaintiff therefore cannot prove that any injury occurred at the Subject Rodeway Inn & Suites® or that Choice had any connection to the alleged harm.

## FORTY-FIFTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the conduct, injuries, or alleged trafficking activity occurred at locations unrelated to Choice or at properties not owned, operated, franchised, or controlled by Choice. Discovery may show that any alleged acts occurred at separate hotels or locations for which Choice bears no legal responsibility or to which has any

connection whatsoever. Such allegations do not constitute participation in a venture or actual or constructive knowledge as a matter of law.

## FORTY-SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and preemption and prescription. Plaintiff invokes a continuing tort theory, but the alleged conduct involves discrete criminal acts and identifiable incidents rather than a single continuous wrong. To the extent Plaintiff alleges conduct that predates the limitations period or relies on the continuing tort doctrine to revive untimely claims, those claims are barred. Plaintiff's claims are barred in whole or in part under 18 U.S.C. § 1595(c), and Plaintiff has failed to plead facts sufficient to support tolling, discovery rule application, or a continuing tort theory.

## FORTY-SEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff's allegations contain material inconsistencies regarding her whereabouts, activities, custodial status, and conduct during the time period she identifies. Discovery may show that Plaintiff made prior statements under oath or in court filings that contradict the allegations in this case. To the extent such inconsistencies undermine her ability to prove any essential element of her claims, Plaintiff cannot recover.

## FORTY-EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because any recovery obtained by Plaintiff in this action must be reduced, offset, or barred to prevent double recovery. To the extent Plaintiff has recovered, is recovering, or seeks to recover damages in any other lawsuit, settlement, administrative proceeding, or claim arising from the same alleged trafficking events, including any claims asserted against technology companies, online platforms, or other parties alleged to have facilitated trafficking during the same period, any damages awarded in this case must be reduced

97

by those amounts. Choice is entitled to set-off, credit, contribution, or any other form of equitable or legal reduction permitted under federal or Florida law to avoid duplicate or overlapping recovery for the same injury. To the extent Plaintiff asserts or obtains recovery for damages arising out of alleged conduct by other parties or in other jurisdictions, including any claims involving alleged facilitation of trafficking by any other party or any other entity operating reservation systems, payment systems, advertising platforms, or technology services, Plaintiff may not obtain multiple recoveries for the same alleged harm. Any such recovery must reduce or bar any award in this action.

(A) Contribution and Comparative Fault Among All Tortfeasors

To the extent other alleged participants, including but not limited to online platforms, technology companies, and third-party facilitators, are responsible for Plaintiff's alleged injuries, Choice is entitled to contribution, apportionment, proportional fault allocation, or any other relief necessary to ensure Choice pays no more than its share, if any.

(B) Satisfaction and Release

If Plaintiff has executed any release, settlement agreement, or satisfaction related to the same harms, any such agreement reduces or bars recovery here as a matter of law.

(C) Election of Remedies

Plaintiff may not pursue inconsistent damages remedies across multiple suits for the same alleged conduct. Choice asserts the doctrine of election of remedies to bar duplicative relief.

(D) Collateral Source Rule Limitations

To the extent Plaintiff seeks damages paid or payable by third parties, including restitution payments, settlement proceeds, or other compensatory amounts arising from related litigation, any such amounts must be credited against any judgment.

**FORTY-NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff cannot establish that any commercial sex activity occurring during the period alleged was caused by force, fraud, or coercion. To the extent Plaintiff engaged in commercial sex activity voluntarily, independently, or in connection with separate criminal activity or unrelated conduct, Plaintiff cannot satisfy the statutory elements required under the TVPRA.

**FIFTIETH DEFENSE**

Plaintiff's claims are barred in whole or in part to the extent Plaintiff's own independent criminal acts, decisions, or voluntary conduct may have been a superseding cause of her alleged injuries. This defense is asserted without faulting Plaintiff for any victimization she may have suffered. To the extent the alleged harm resulted from Plaintiff's own choices, conduct, or independent criminal activity unrelated to any act or omission by Choice, Choice bears no liability.

**FIFTY-FIRST DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrine of judicial estoppel. To the extent Plaintiff made statements, admissions, or sworn representations in prior criminal proceedings that are inconsistent with the allegations made in this case, Plaintiff may not assert positions here that contradict representations previously accepted by a court. Any such inconsistencies bar recovery to the extent they affect essential elements of Plaintiff's claims.

**FIFTY-SECOND DEFENSE**

Plaintiff's claims are barred in whole or in part because Plaintiff has not established the existence of a venture that engaged in violations of 18 U.S.C. § 1591. Plaintiff alleges general commercial relationships, an ordinary Franchise Agreement, and brand-related activities that do

99

not satisfy the statutory definition of a criminal trafficking venture. Without proof of a qualifying venture, Plaintiff cannot recover under the TVPRA.

### FIFTY-THIRD DEFENSE

The damages allegedly sustained by Plaintiff were not reasonably foreseeable to Choice.

### FIFTY-FOURTH DEFENSE

Choice reserves the right to seek judgment on the pleadings.

### FIFTY-FIFTH DEFENSE

Plaintiff's claims are barred because Choice did not engage in any conduct constituting "harboring," "maintaining," or otherwise violating 18 U.S.C. § 1591, and therefore cannot be liable under 18 U.S.C. § 1595.

### FIFTY-SIXTH DEFENSE

Plaintiff's claims are barred because Choice owed no independent legal duty under federal or state law to monitor, detect, investigate, or prevent the alleged criminal acts of third parties.

### FIFTY-SEVENTH DEFENSE

Plaintiff's claims are barred because Choice did not control the premises, operations, employees, or security of the subject hotel, and therefore owed no duty to Plaintiff with respect to the alleged conduct.

### FIFTY-EIGHTH DEFENSE

Plaintiff's claims are barred to the extent they rely on speculation, inference, or generalized allegations regarding conditions at the hotel rather than facts establishing the elements of her claims as to Choice.

### FIFTY-NINTH DEFENSE

Plaintiff's claims are barred because Choice did not employ, supervise, or control any individuals at the subject hotel and cannot be held liable for the acts or omissions of non-employees.

## SIXTIETH DEFENSE

Plaintiff's claims are barred because Choice did not authorize, direct, ratify, or knowingly accept any alleged wrongful conduct.

## SIXTY-FIRST DEFENSE

Plaintiff's claims are barred because Choice did not have actual knowledge, nor act in reckless disregard, of any alleged use of force, fraud, or coercion under 18 U.S.C. § 1591.

## SIXTY-SECOND DEFENSE

Choice reserves the right to amend or supplement its defenses based on facts learned through discovery.

## SIXTY-THIRD DEFENSE

Choice further requests all relief to which it is entitled under law and equity.

WHEREFORE, Choice denies each and every allegation in the Complaint, whether express or implied, that Choice has not expressly and unequivocally admitted in this Answer. Having answered Plaintiff's Complaint fully, Choice prays that Choice be discharged from this action and that the Court award Choice with reasonable expenses and costs and such further relief as the Court may deem appropriate.

Respectfully submitted this 7th day of April, 2026.

/s/ Sara M. Turner
Sara M. Turner, Esq.
(*Pro hac vice*)
**BAKER, DONELSON, BEARMAN,**

**CALDWELL & BERKOWITZ, P.C.**
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Phone: (205) 328-0480
smturner@bakerdonelson.com

Desislava K. Docheva, Esq.
Florida Bar No. 1010440
**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, P.C.**
200 East Broward Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Phone: (954) 768-1610
ddocheva@bakerdonelson.com

*Attorneys for Defendant Choice Hotels*
*International, Inc.*