**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:25–CV–60771–ALTMAN-LETT**

S.W.,

     Plaintiff,

     v.

TROPICAL PARADISE RESORTS,
LLC, *et al.,*

     Defendants.

**JOINT MOTION TO STAY AND CONTINUE TRIAL AND ALL ASSOCIATED**
**DEADLINES PURSUANT TO 18 U.S.C. § 1595(b)(1)**

Pursuant to Local Rule 7.1(a) and Magistrate Judge Lett's April 16, 2026 order (as set forth on the record), Plaintiff S.W. and Choice Hotels International Inc. ("Choice"), Tropical Paradise Resorts, LLC ("Tropical Paradise"), and EZ Hospitality, LLC ("EZ") (collectively "Defendants") jointly request that this Court impose a stay pursuant to 18 U.S.C. § 1595(b)(1) of the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), including a stay and continuation of all outstanding deadlines, including trial, in this matter. *See* Dkt. No. 99. The Parties seek this stay so that they can determine whether a "criminal action," as defined in § 1595(b)(2), arising out of the same occurrence in which the claimant is the victim is ongoing. The Parties also request that the Court order that a joint status report be presented by the Parties within sixty (60) days of this Court's Order so that the Parties can confer and present their positions and knowledge with respect to the potential continuation or lifting of the stay. In support thereof, the Parties state as follows:

1

## BACKGROUND

On April 16, 2026, Plaintiff sat for her court-ordered deposition. Relatively early in that deposition, Plaintiff testified that within past last month she and Mr. Karger, one of Plaintiff's counsel in this case, met with a "detective type . . . . [w]ith like sex crimes" to make a report regarding the specific trafficking she alleges in this case, naming the specific alleged perpetrator from her pleadings. (Plaintiff also reported other alleged incidents of criminal activity.) Plaintiff testified that this meeting was the first time she had made a report about her alleged trafficking to law enforcement. Counsel for Plaintiff has subsequently identified the individuals with whom counsel and Plaintiff met as Detective Mike Joo of the Internet Crimes Against Children Division of the Broward County Sheriff's Office and Assistant State Attorney Danielle Lennox of the Human Trafficking Division of the Office of the State Attorney.

Upon learning this information, the Parties placed a call to Magistrate Judge Lett to obtain guidance with respect to if Plaintiff's deposition should continue. After learning about the testimony provided by Plaintiff, Magistrate Judge Lett ordered that the court-ordered deposition being held of Plaintiff be suspended immediately. Magistrate Judge Lett also ordered that the court-ordered deposition of the Hotel manager, Israel Fintz, previously scheduled for May 17, 2026, be cancelled until after further instruction from the Court. Finally, the Court ordered that the Parties either file a joint motion to stay or that Defendants file an opposed motion to stay (to the extent that the Parties could not reach agreement) by April 23, 2026, to determine if a stay is appropriate under Section 1595(b).

## ARGUMENT

Plaintiff S.W. alleges that she was forced to engage in commercial sex under the force, fraud, and/or coercion of Stevens Charlies Joseph, for "upwards of one year" between 2019-2020 at The

2

Rodeway Inn® hotel, located at 2440 West State Road 84 in Fort Lauderdale, Florida 33312 (the "Hotel"). *See* Dkt. No. 19, ¶¶ 35-36. Plaintiff also alleges that her alleged trafficker, Mr. Joseph, was a member of the criminal gang Zoe Pound during the 2019-2020 time period of her alleged trafficking. *See id.*, ¶¶ 37-39. Based on these allegations, Plaintiff has asserted claims against Defendants Tropical Paradise Resorts and EZ (the owners/operators and franchisees of the Hotel) and Choice (the franchisor) for: (1) violation of the TVPRA § 1595(a)—"perpetrator liability"—against all Defendants; (2) violation of the TVPRA 1595(a)—"participant" or "beneficiary" liability—against all Defendants; and (3) common law premises liability only against Tropical Paradise and EZ.

The TVPRA provides that any civil action "shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is a victim." 18 U.S.C. § 1595(b)(1). Section 1595(b)(2) goes on to define that "[i]n this subsection, a 'criminal action' includes investigation and prosecution and is pending until final adjudication in the trial court."

"Section 1595(b)(1) imposes a mandatory obligation on the district court" to impose a stay when its conditions are met. *Does 1-10 v. Fitzgerald*, 102 F.4th 1089, 1098 (9th Cir. 2024). Courts have varied somewhat as to list of necessary conditions for a stay, but the Ninth Circuit Court of Appeals' list is largely representative: "[T]he district court 'shall' stay a civil action filed under § 1595(a) if (1) a criminal action as defined by §1595(b)(2) is pending; (2) the criminal action arises 'out of the same occurrence' as the civil action; and (3) the plaintiff in the civil action is the victim of an occurrence that is the same in the civil and criminal proceedings." *Id.* Once these conditions are met, the District Court must institute "a complete stay of the [civil] proceedings." *Id.* at 1101.

This Court has previously stayed a § 1595 civil case pursuant to § 1595(b). *Doe v. Fenix Internet, LLC*, No. 0:22-cv-62176-RKA, Dkt. No. 25, at *1–*2 (S.D. Fla. Jan. 25, 2023) (Altman,

J.) (granting unopposed motion to stay TVPRA action under 18 U.S.C. § 1595(b)(1) pursuant to the definition of "criminal action" set forth in § 1595(b)(2)). Other District Courts in the Eleventh Circuit have done the same. *See Plaintiff A. v. Schair*, 744 F.3d 1247, 1250 (11th Cir. 2014) (noting that the district court "stayed th[e] civil action" pending "a criminal investigation" and lifted the stay only "[a]fter that . . . criminal investigation ended").

There are also numerous instances of District Courts instituting § 1595(b) stays in the hospitality context. *See, e.g.*, *D.D.R. v. G6 Hospitality, LLC*, No. 1:24-cv-00215, Dkt. No. 31 (E.D. Tex. Jun 10, 2024) (staying action based on defendants' unopposed motion); *J.M. v. Wyndham Hotel & Resorts, Inc.*, No. 20-cv-00656-BLF, 2025 WL 523894, at *2 (N.D. Cal. Feb. 18, 2025) (discussing three-year stay "pending adjudication of criminal proceedings against [the] traffickers"); *E.B. v. Howard Johnson by Wyndham*, No. 2:21-cv-02901, Dkt. No. 74 (D.N.J. Apr. 15, 2024) (staying action based on letter from plaintiff's counsel); *Marcy C. v. MGM Resorts, Int'l*, No. 2:24-cv-02027-JCM-MDC, Dkt. No. 62 (D. Nev. Jan. 30, 2025) (staying action based on stipulation of the parties).

These decisions support a stay here. Plaintiff's disclosure to law enforcement concerned her alleged trafficking at the Hotel, by her alleged trafficker (Mr. Joseph), and thus arises out of the same alleged occurrence which forms the basis for instant litigation. Accordingly, there is now a legitimate question as to whether or not a criminal action has been initiated or is ongoing since Plaintiff made her report.

Defendants represent that they are without information concerning whether and to what extent law enforcement has taken action with respect to Plaintiff's allegations which form the basis of both this civil action and/or her criminal statement.

4

Counsel for Plaintiff is aware of the reporting, but does not know if a "criminal action" has been instituted, as defined by the § 1595(b)(2) of the TVPRA. At this time, neither Plaintiff nor Plaintiff's Counsel are aware of any indictment or prosecution based on her reporting. If a §1595(b)(2) "criminal action" is not pending, or is pending as a result of matters other than the allegations of Plaintiff, then Plaintiff believes may take a contrary position at the end of the sixty (60) day stay.

In light of the foregoing, the Parties jointly request that this Court impose a stay pursuant to Section 1595(b), including a stay and a sixty (60) day continuance of all outstanding deadlines in this matter, including trial, *see* Dkt. No. 99, so that a determination can be made with respect to whether a criminal action is ongoing.

The Parties also request that the Court order that a joint status report be presented by the Parties within sixty (60) days of this Court's Order wherein the Parties shall present their positions and knowledge with respect to the potential continuation or lifting of the stay under Section 1595(b). If the stay is to be lifted at the time of the submission of the joint report, the Parties may also present their positions with respect to the timing and scheduling of this case moving forward.

The Parties do not make this request lightly but are cognizant that the possibility of a criminal action raises significant complications for this litigation, but more importantly as to any potential criminal action. The Parties jointly believe that a stay, coupled with a date certain for a joint status report to be filed within sixty (60) days, balances the interest in protecting any criminal action embodied by § 1595(b), ensuring that civil litigation may proceed when permissible.

**Local Rule 7.1(a)(2) Certification**

Counsel hereunder have conferred on the relief sought in the motion and those Parties, through their counsel, have indicated that they do not oppose this relief and therefore jointly submit this Motion.

Respectfully submitted this 23rd day of April, 2026.

/s/ Spencer T. Kuvin
Spencer T. Kuvin, Esq.
*Co-Counsel for Plaintiff*
FL Bar Number: 89737
GOLDLAW, P.A.
1641 Worthington Road, Suite 300
West Palm Beach, Florida 33409
Telephone: 561-697-4440
skuvin@goldlaw.com
snewall@goldlaw.com
aattick@goldlaw.com

**/s/ Aaron A. Karger**
 Aaron A. Karger, Esq.
Co-Counsel for Plaintiff
FL Bar Number: 93226
Law Office of Aaron A. Karger, P.A.
16211 NE 18th Avenue, Suite 200
North Miami Beach, FL 33162
Telephone: (305) 577-7772
aaron@aak-law.com
service@aak-law.com

*Attorneys for Plaintiff*

/s/ Sara M. Turner
Sara M. Turner, Esq.
(*Pro hac vice*)
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Phone: (205) 328-0480
smturner@bakerdonelson.com

Desislava K. Docheva, Esq.
Florida Bar No. 1010440
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
200 East Broward Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Phone: (954) 768-1610
ddocheva@bakerdonelson.com

*Attorneys for Defendant Choice Hotels International, Inc.*

/s/ Elizabeth Hueber
Elizabeth Hueber, Esq.
Florida Bar No.: 0073061
**CHUSID, KATZ & SPOSATO, LLP**
5850 Coral Ridge Drive, Suite 201
Coral Springs, Florida 33076
Telephone: (954) 340-2200
Facsimile: (954) 340-2210
ehueber@cksattorneys.com

/s/ Alyssa Cina
Alyssa Cina, Esq.
Florida Bar No.: 121491
4040 NE 2nd Ave. 6D
Mimia, Florida 33137

**RESNICK & LOUIS, P.C.**
Telephone: (305) 676-6453
acina@rlattorneys.com
ahectman@rlattorneys.com
vhuff@rlattorneys.com

*Attorneys for Defendants Tropical Paradise Resorts, LLC, and EZ Hospitality, LLC*